Alton T. TYLER, Appellant,

v.

Irene C. TYLER, Appellee.

No. A14–87–352–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 19, 1987.

Rehearing Denied Dec. 17, 1987.

N. Wyatt Collier, Houston, for appellant.

Ray Cortez, James S. Kelly, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This appeal is from a judgment of the trial court awarding a recovery of money to appellee from appellant. While appellant assigns seven points of error, the controlling issues are whether, by voluntarily paying the money in question, appellee is entitled to recover the money from appellant and whether the judgment in question here was an impermissible modification of the prior divorce judgment. We hold appellee is not entitled to recover and reverse and render the judgment for appellant.

Appellant (Alton) and appellee (Irene) were divorced by judgment signed July 7, 1983, or by corrected judgment signed August 8, 1983.[1] A part of the community property disposed of by the judgment was 32,902 shares of Gulf Interstate, Inc. stock. Under the terms of the divorce decree, the stock was evenly divided with each party receiving 16,451 shares. At the time of the divorce the stock was in the possession of First City National Bank having been pledged as security for a $50,000 promisso-

---

**1.** It is immaterial to this appeal which judgment controls as the two judgments were identical pertaining to the division of the stock in question.

ry note signed only by Alton and payable to the bank. The $50,000 note was not due and payable until April 6, 1986, and the decree provided that the dividends earned from the shares of stock were to be credited to the note and that any indebtedness remaining unpaid on April 6, 1986, was to be paid by Alton.

On August 3, 1983, an attorney for Irene presented the following described authorization to the bank:

August 3, 1983

TO: First City National Bank of Houston

Please let this letter serve as authority for my attorney Ray Cortez to check into and discuss with your bank the Certificate for 16,451 shares of Gulf Interstate, Inc. in your possession which now serves as security for a $50,000.00 loan made by my ex-husband Alton Thomas Tyler and which shares were awarded to me by the divorce decree signed the 7th day of July, 1983.

/s/ Irene C. Tyler

The bank refused to release the stock to Irene, and shortly thereafter her attorney again inquired if the bank would release the stock if the loan was paid off. In early September, 1983, Irene called the bank and "demand[ed] the stock." Pursuant to these requests, the bank caused 16,451 shares of stock to be re-issued in the name of Irene Tyler. The shares were then sold; the bank was paid $50,000 to retire the loan, and the remaining sum of approximately $135,000 received from the sale of the stock was delivered to Irene. On May 16, 1984, Irene filed suit against Alton to recover the $50,000 alleging that Alton had "wrongfully detained and converted to his own use said sum of $50,000.00" and had refused to pay such sum to her although she had demanded that he do so.

Following a trial to the court, judgment was entered in favor of Irene for some $41,400 plus attorney's fees. In his findings of fact the trial court found that Irene "did not initiate or request the sale of her .. stock and did not agree to payment of said note from .. the sale of her .. stock," and that the amount of dividends that would have been applied to the payment of the principal of the note had the stock not been sold was $8,600. The court further found that $2,400 was a reasonable attorney's fee. In his conclusions of law the trial court found that Irene "has the right to collect from defendant the amount deducted from the proceeds of the sale of her stock by an action, whereby the Court would enforce the divorce decree or by an action based on assumpsit."

In his fifth point of error appellant contends the court erred in entering judgment for appellee because "as a matter of law" when appellee paid the $50,000 note at the bank "she did so on a volunteer basis and hence was not entitled to recover said sum from Appellant." Appellee, on the other hand, points to the finding by the trial court that Irene was not a volunteer and argues that she is therefore entitled to recover either as "a co-obligor," "a guarantor" or "a surety."

Findings of fact are not conclusive on appeal when the statement of facts appears in the record as it does here. *Middleton v. Kawasaki Steel Corp.*, 687 S.W. 2d 42, 44 (Tex.App.—Houston [14th Dist.]), *writ ref'd n.r.e. per curiam*, 699 S.W.2d 199 (Tex.1985). Further, appellant's point of error, reasonably construed, attacks the above finding on the basis that "as a matter of law" appellee was a volunteer. Based upon the evidence recited it is undisputed that Irene was a volunteer in paying off the bank loan. The loan was in good standing, and neither Alton nor the bank had requested payment. Irene desired to receive the stock some two and a half years before she was entitled to under the terms of the decree, and the only way she could do so was to pay off the loan. We disagree with appellee's argument that Irene was entitled to recover either as a co-obligor, guarantor, or surety. The evidence shows that she was not obligated in any manner to pay the note. The note was signed only by Alton and, while it was a community debt, the record reflects that the divorce decree unmistakenly made its payment, after the dividend credits, the sole obligation of Alton.

In oral argument appellee contended that Irene paid Alton's debt at the bank in order "to protect" her 16,451 shares of stock and that this, therefore, created an implied obligation on the part of Alton to reimburse her. While we recognize the rule of law relied upon by appellee (*Phipps v. Fuqua*, 32 S.W.2d 660, 663 (Tex.Civ.App.—Amarillo 1930, no writ)), there was absolutely no evidence before the court that this was the reason Irene paid off the loan. Quite the contrary, Irene's testimony before the court was that she "needed some money" and that she authorized her attorney to go to the bank and "get some money for me."

 Under these circumstances, we apply the well-established rule in this state that money voluntarily paid with full knowledge of all the facts and without fraud, deception, duress or coercion cannot be received back although it was paid upon a void or illegal demand or upon a claim which had no foundation in fact and was paid without consideration. *Runcie v. Runcie*, 407 S.W.2d 861, 863 (Tex.Civ.App. —Amarillo 1966, writ ref'd n.r.e.). Appellant's fifth point of error is sustained.

In his sixth point of error appellant contends the court erred in entering the complained-of judgment for appellee because it is an impermissible modification of the final judgment of divorce. By oral pronouncement from the bench at the close of the evidence, the trial court announced he was granting the judgment for appellee "to aid and enforce my judgment," and in his written conclusions of law he found appellee was entitled to collect the money awarded "whereby the Court would enforce the divorce decree." The decree, however, is silent on this as a basis for recovery. Appellant correctly asserts that once the trial court lost plenary power over the divorce decree, it only had the authority to clarify or enforce the decree under Tex. Fam.Code Ann. §§ 3.70 et seq. (Vernon Supp.1986). *Able v. Able*, 725 S.W.2d 778, 779 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Without citation to any authority, appellee asserts that the trial court did not modify the divorce judgment, that the trial court had the power to enforce the decree by granting appellee part of the proceeds from the sale of the stock and that the result was "equitable."

The judgment here complained of was, as a matter of law, more than a mere clarification consistent with the prior divorce decree. It affirmatively imposed an obligation to pay where no such obligation previously existed. *See McGehee v. Epley*, 661 S.W.2d 924 (Tex.1983). This was clearly a substantive change in the decree and therefore could not be made after the trial court's judgment became final. *McGehee*, 661 S.W.2d at 926. Appellant's sixth point of error is sustained.

The judgment is reversed and here rendered that appellee take nothing.