**BMG DIRECT MARKETING, INC., Appellant,**

v.

**Patrick PEAKE, et al, Appellee.**

**No. 09–02–509 CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 2, 2003.

Decided May 1, 2003.

Lynne Liberato, Alene Ross Levy, Patricia L. Casey, Haynes and Boone, LLP, Houston, Steven M. Hayes, Gregory A. Clarick, Parcher, Hayes & Snyder, P.C., New York, NY, for appellant.

Bruce B. Kemp, Christopher A. Kesler, Kemp & Kesler, LLP, Timothy W. Ferguson, Houston, Ferguson Firm, Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## MEMORANDUM OPINION

DON BURGESS, Justice.

Patrick Peake filed suit on behalf of himself and a putative statewide class of BMG Direct music club members who paid late fees to BMG Direct Marketing, Inc. Peake moved to certify a class. BMG opposed the motion. Following a hearing, the trial court granted class certification. BMG brings this interlocutory appeal.

■ BMG claims Peake has not satisfied the requirements of Rule 42 and *Bernal. See* Tex.R. Civ. P. 42; and *Southwestern Refining Co. v. Bernal,* 22 S.W.3d 425 (Tex.2000). In its first issue, BMG contends individual issues will predominate over common issues because the voluntary payment rule requires an individualized inquiry into the voluntariness of each class member's payment of late fees, precluding class certification. Under this issue, BMG also claims the trial court failed to conduct a rigorous analysis of the predominance requirement by refusing to meaningfully address BMG's affirmative defense of voluntary payment.[1] We find otherwise. Not only does the hearing on BMG's motion contain extensive argument regarding the defense, but in its order, the trial court found:

> The voluntary payment doctrine is an equitable defense and need not be applied where the rationale for its existence does not exist. It appears this is such a case and that it is unlikely the voluntary payment doctrine would apply in this lawsuit. Even if the voluntary payment doctrine is to be contested in this case, it appears from the evidence presented by Plaintiff that the issue is not individual and may be determined as another common issue on a class wide basis.

It is clear the trial court considered the defense and found it did not bar class certification because it will either apply to bar recovery by all class members, or none. Based upon Peake's pleadings, and our decision in *TCI Cablevision of Dallas, Inc. v. Owens,* 8 S.W.3d 837 (Tex.App.-Beaumont 2000, pet. dism'd by agr.),[2] we agree.

■ In *TCI Cablevision,* the voluntary payment doctrine was raised to bar recovery of late fees charged by cable television companies. We noted:

> Texas courts, of course, recognize the voluntary payment rule expressed in *Tyler v. Tyler,* 742 S.W.2d 740 (Tex.App.-Houston [14th Dist.] 1987, writ denied): "[M]oney voluntarily paid with *full*

---

1. We note that BMG did not plead this affirmative defense until after the hearing on class certification, but it was raised prior to the hearing and the issue was argued.

2. We recognize *TCI Cablevision* was decided before *Bernal, supra,* but *Bernal* did not address employing the voluntary payment doctrine to decertify a class; thus it does not control our decision in this matter.

*knowledge of all the facts* and without fraud, deception, duress or coercion cannot be received back although it was paid upon a void or illegal demand or upon a claim which had no foundation in fact and was paid without consideration." *Id.* at 743 (emphasis added). The question, however, is whether the voluntary payment doctrine applies here to preclude class certification.

*Id.* at 844. In *TCI Cablevision,* Owens contended the voluntary payment doctrine did not apply "because he did not have full knowledge of all the facts." *Id.* Owens maintained the material facts related to his claim were "whether the late fees were reasonably related to the costs of late payment and constituted a reasonable advance estimate of those costs." *Id.* Here, Peake argues he did not pay with "full knowledge of all the facts" because BMG never disclosed to him, or any other class member, whether the fee represented a reasonable estimation of the actual damages. It is Peake's assertion that BMG's failure to disclose precludes applying the voluntary payment doctrine because no class member paid with the requisite "full knowledge."

BMG contends we "side-stepped" *TCI's* argument that the voluntary payment rule barred the action and class certification. We disagree. We noted a split of authority existed among other jurisdictions in applying the doctrine to late fees for cable services. *Id.* at 845. We concluded that "[c]onsidering the split of authority and [plaintiff's] statement that he did not have full knowledge of the material facts, it is far from clear that the voluntary payment doctrine applies here." *Id.* Accordingly, we were not convinced the trial court abused its discretion in certifying the class. *Id.*

■ BMG is correct that we did not determine whether the voluntary payment

rule barred the action. Such a determination is inappropriate upon review of an order certifying a class action. *See Peltier Enterprises, Inc. v. Hilton,* 51 S.W.3d 616, 621–22 (Tex.App.-Tyler 2000, pet. denied). If BMG believes the class has no cause of action, there are measures it can take to resolve that issue. *See Compaq Computer Corp. v. LaPray* 79 S.W.3d 779, 787 (Tex. App.-Beaumont 2002, pet. filed) (citing TEX.R. CIV. P. 91, 166a.). "Decertification of the class, however, is not the appropriate procedural tool." *Id.* (quoting *Employers Cas. Co. v. Tex. Ass'n of Sch. Bds. Workers' Comp. Self-Ins. Fund,* 886 S.W.2d 470, 477 (Tex.App.-Austin 1994, writ dism'd w.o.j.)).

BMG's defense is simple: the voluntary payment doctrine applies because Peake, and all other class members, had full knowledge of the material facts, and there has been no allegation of fraud, duress or coercion. Peake's contest to application of the doctrine is equally simple: he, and all other class members, did not have full knowledge of the material facts. However the substantive issue is decided, the class lives or dies *in toto. See Graebel/Houston Movers, Inc. v. Chastain,* 26 S.W.3d 24, 34–35 (Tex.App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.).

BMG's position that an individualized inquiry is necessary to determine whether each class member paid voluntarily is incorrect because Peake's counter to the defense is want of "full knowledge" based on BMG's failure to disclose all the material facts in the agreement—a failure that would be common to the entire class. Therefore, the trial court did not abuse its discretion in finding common issues predominate. *See* TEX.R. CIV. P. 42(b)(4). Issue one is overruled.

BMG's second issue argues Peake did not satisfy the typicality or adequacy prerequisites for class certification. *See*

TEX.R. CIV. P. 42(a)(3), (4). As set forth above, the claims or defenses of Peake are typical of the claims or defenses of the class. BMG contends Peake's "voluntary" payment of his late fees disqualifies him from serving as an adequate class representative. Peake contends he did not "voluntarily" pay, *vis a vis* the voluntary payment doctrine, because he did not have full knowledge of material facts. Whether or not Peake's payments were "voluntary" is a substantive issue not properly before this court in this appeal.

■ BMG further claims Peake's testimony disqualifies him because it does not support the allegations in his petition. In its order the trial court found "[m]any of the factual details that [BMG] points to [Peake] being in error on do not appear to have any relevance to the ultimate resolution of the contested issues in this lawsuit. Further, the factual details are clearly readily available to both [Peake] and [BMG] not only for [Peake] but for the entirety of the proposed class from [BMG's] records." Although BMG summarily contends the trial court abused its discretion in finding Peake an adequate representative, no contest is made to the specific findings in the court's order. Having reviewed BMG's complaints regarding Peake's testimony, we are unable to say the trial court erred in its conclusions. Issue two is overruled.

The judgment of the trial court is AFFIRMED.

DAVID B. GAULTNEY, Justice, dissenting.

I do not believe it is possible without individual trials to determine whether each payment by each class member was voluntary. But that is what this class certification requires. If the plaintiff class, as certified, loses at trial because the payment is found to be voluntary, judgment will then be entered that the payments by all class members were voluntary. However, whether an individual's payment was voluntary depends—by definition—on individual choice and individual circumstances. *See Salvaggio v. Houston Indep. Sch. Dist.*, 709 S.W.2d 306, 307–08 (Tex.App.-Houston [14th Dist.] 1986, writ dism'd w.o.j.) (voluntary payment rule precluded class certification of group of taxpayers because of need for case-by-case factual analysis). Class certification is improper here because individual issues predominate. *See Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425, 434 (Tex.2000). I respectfully dissent.