Bruce **HOLLINGSWORTH,** Appellant,

v.

Deborah **HOLLINGSWORTH,** Appellee.

No. 05–07–01774–CV.

Court of Appeals of Texas, Dallas.

Nov. 14, 2008.

Rehearing Overruled Feb. 4, 2009.

---

Joyce W. Lindauer, Dallas, for Appellant.

Clint Joseph Westhoff, Addison, for Appellee.

Before Justices WRIGHT, FITZGERALD, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

Bruce Hollingsworth appeals the judgment of the trial court clarifying and enforcing the decree of his divorce from Deborah Hollingsworth. Appellant brings six issues asserting the trial court erred in entering the order clarifying and enforcing the divorce decree requiring appellant to pay appellee's federal income tax liability from 2003. We affirm the trial court's judgment.

## BACKGROUND

In 2004, the parties agreed to a divorce decree. Three provisions are at issue. In the division of property section, "Debts to Husband," the decree provides,

IT IS ORDERED AND DECREED that the husband ... shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:
. . .

H–9 Any Federal Income tax delinquency owed by the parties for the tax years 2000 through 2003 which remain unpaid after the sale and closing of the home located at 9408 Timberbluff, Dallas, Texas as set forth below.

Then, in a section styled "Liability for Federal Income Taxes for Prior Year," it states,

IT IS ORDERED AND DECREED that Bruce E. Hollingsworth shall be solely responsible for all federal income tax liabilities of the parties from the date of marriage through December 31, 2003, and shall timely pay any deficiencies, assessments, penalties, or interest due thereon and shall indemnify and hold Deborah Louise Hollingsworth and her property harmless therefrom unless such additional tax, penalty, and/or interest resulted from Deborah Louise Hollingsworth's omission of taxable income or claim of erroneous deductions. In such case, the portion of the tax, penalty and/or interest relating to the omitted income or claims of erroneous deductions shall be paid by Deborah Louise Hollingsworth.

Finally, in a section titled, "Notice," it states,

IT IS ORDERED AND DECREED that each party shall send to the other party within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

In 2007, appellee filed a motion to enforce the decree alleging appellant failed to pay appellee's 2003 federal income tax liability, penalties, and interest. Appellee also alleged that the IRS levied on her income tax refund for 2005 to pay the 2003 tax debt, and appellant failed to reimburse her for those funds. Appellee requested the court sign (1) an order for appellant to pay all taxes, penalties, and interest due for tax year 2003, (2) an order holding appellant in contempt and confining him in jail until he complies with the court's orders, and alternatively, (3) a clarifying order specifying the duties imposed on ap-

pellant and giving him a reasonable time within which to comply.

On October 3, 2007, the trial court held a hearing on appellee's motion. At the hearing, appellee testified that, during the pendency of the divorce, appellant gave her money so she would have a place to live. She did not file a tax return for 2003 because she did not work, had no taxable income, and did not receive a Form 1099 reporting any income. She subsequently learned that appellant's roofing corporation had filed a Form 1099 with the IRS reporting it paid her wages of $31,000. Appellee testified that when she learned of the 2003 tax liability, she contacted her accountant, who was also appellant's accountant, and asked him to contact appellant about paying the taxes. She also mailed appellant a letter asking him to pay the taxes and contact the accountant and the IRS. In addition, she telephoned appellant, who said he did not know what she was talking about and did not owe any money to the government. Because appellee did not file a tax return for 2003 or pay the taxes owed, the IRS imposed interest and penalties. To collect the taxes, penalties, and interest owed for 2003, the IRS levied appellee's tax refund for 2005 and levied her bank account. At the time of the hearing, there was still $7672.76 outstanding to the IRS. Due to the levy on her bank account, appellee incurred overdraft charges of $425.

Appellant testified that appellee worked for his pawnshop in 2003. Because the pawnshop did not have the money to pay appellee, her salary was paid by appellant's roofing corporation. Appellant testified that he first learned of the tax liability when appellee filed this enforcement action. He stated that he paid the tax liabilities for 2001 and 2002 as required by the divorce decree and that he would have paid the 2003 tax liability if he had been notified of it. Appellant denied receiving the letter from appellee about the taxes. He testified that appellee telephoned him about his owing taxes: "I go, what taxes. I said, I paid my taxes, and then she just made any windows [sic] over and over, and then she hung up the phone."

At the conclusion of the hearing, the trial court signed the order on appeal, which grants judgment against appellant and clarifies the divorce decree. The order granted judgment against appellant for $14,598.21 in damages for appellee's 2003 income tax liability, tax refund and bank levies, and overdraft fees. The judgment also awarded appellee $7000 in attorney's fees and required appellant to pay the attorney's fees portion of the judgment by 4:30 p.m. on December 28, 2007 at appellee's attorney's office. The clarification portion of the order required appellant to pay the $14,598.21 in damages, plus postjudgment interest, to appellee by 4:30 p.m. on December 28, 2007 at appellee's attorney's office. The order stated the clarification section of the order may be enforced by contempt. The order also required appellant to appear in court on January 7, 2008 for a hearing to determine his compliance with the order.

Appellant timely filed a motion for new trial. Attached to the motion for new trial were appellant's affidavit and the affidavit of appellee's accountant. Both affidavits contained evidence that was not presented to the trial court during the hearing on October 3. The motion for new trial was overruled by operation of law. Appellant timely filed a notice of appeal.

## JUDGMENT ENFORCING DIVORCE DECREE

■ In his second issue, appellant contends appellee's petition for enforcement was barred by limitations. Limitations is an affirmative defense that is

waived if not pleaded. *G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co.,* 177 S.W.3d 537, 544 (Tex.App.-Dallas 2005, no pet.); *Sandford v. Sandford,* 732 S.W.2d 449, 450 (Tex.App.-Dallas 1987, no writ); *see* TEX.R. CIV. P. 94 (listing statute of limitations as an affirmative defense a party "shall set forth affirmatively"). Appellant did not plead limitations as an affirmative defense, and the issue was not tried by consent. Appellant first raised the issue of limitations in his motion for new trial, which is not timely for raising the defense. *See Wynn v. Wynn,* 587 S.W.2d 790, 792 (Tex. Civ.App.-Corpus Christi 1979, no writ). Accordingly, appellant has waived the limitations defense. We overrule appellant's second issue.

█ In his sixth issue, appellant contends the evidence is legally and factually insufficient to support the trial court's findings of fact. The findings to which appellant refers are the statements in the order on appeal that the court found appellant violated the divorce decree by not paying appellee's 2003 income tax liability and found that appellant's damages were $14,598.21. Appellant did not request separate findings of fact and conclusions of law under rule of civil procedure 296. *See* TEX.R. CIV. P. 296–299a.

█ We review the trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree under an abuse-of-discretion standard. *Gainous v. Gainous,* 219 S.W.3d 97, 103 (Tex.App.-Houston [1st Dist.] 2006, pet. denied); *In re Marriage of McDonald,* 118 S.W.3d 829, 832 (Tex.App.-Texarkana 2003, pet. denied). When a trial court makes no separate findings of fact or conclusions of law, we must draw every reasonable inference supported by the record in favor of the trial court's judgment. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). Additionally, "the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977), *overruled on other grounds, Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768 (Tex.1989). Nonetheless, in cases in which the appellate record includes the reporter's record, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *Gainous,* 219 S.W.3d at 103.

In evaluating the legal sufficiency of the evidence to support a finding, we must determine whether the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.,* 234 S.W.3d 726, 736 (Tex.App.-Dallas 2007, pet. denied). We view the evidence in the light favorable to the finding, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). To evaluate the factual sufficiency of the evidence to support a finding, we consider all the evidence and set aside the finding only if the evidence supporting it is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985). We review implied legal conclusions de novo. *See State v. Heal,* 917 S.W.2d 6, 9 (Tex.1996). In a bench trial, it is for the court, as trier of fact, to judge the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the testimony. *Young v. Young,* 168 S.W.3d 276, 281 (Tex.App.-Dallas 2005, no pet.).

Appellant first argues he did not violate the divorce decree by not paying appellee's taxes for 2003 because appellee was responsible for any tax, penalty, and interest relating to income not reported to the IRS by appellee. Appellant asserts appellee received a Form 1099 relating to the income in early 2004 before the entry of the divorce decree. Thus, appellant argues, all penalties and interest arose from appellee's knowing and intentional omission of income for 2003. In support of this assertion, appellant cites to appellee's testimony:

Q. Okay. When Mr. Hollingsworth sent you the 1099 were you, in fact, still married?

A. Yes, we were.

Q. That was before the divorce was even finalized?

A. That's correct.

However, appellee also testified specifically that she never received a Form 1099 for the income:

Q. You had received a 1099 for 2003?

A. I never worked for that company, ma'am.

Q. You received a 1099 for 2003, correct?

A. He mailed a 1099 in to the IRS, but not to me.

[Objection to nonresponsiveness; no ruling]

Q. You received the 1099?

A. No, I did not.

*　　*　　*

Q. Isn't it true, Ms. Hollingsworth, that you knew about this tax liability shortly after the end of 2003?

A. No, I did not.

Q. You didn't know anything about the 1099?

A. No, I did not.

*　　*　　*

Q. And when you received that 1099, you didn't think it was important to go ahead and just file a tax return?

A. I never got a 1099 from him.

Q. You never got the 1099?

A. That went straight to the government.

Q. Okay. So you never got the 1099?

A. No.

Appellant was not asked, and did not testify, whether he sent a copy of the Form 1099 to appellee. The trial court is the judge of conflicting evidence. The court chose to believe appellee's specific, repeated testimony that she did not receive a 1099 for income in 2003.

Appellant also asserts appellee's accountant advised her of her 2003 tax obligation and timely prepared her tax return. In support of this statement, appellant cites to the accountant's affidavit attached to appellant's motion for new trial. This evidence, however, was not before the court when it rendered its judgment. Appellant also asserts appellee knew of her 2003 obligation because she filed two extensions for her 2003 taxes, one on April 15, 2004 and the other on August 19, 2004, as shown on Plaintiff's Exhibit 4, an "Account Transcript" prepared by the IRS showing transactions related to appellee's 2003 taxes. At most, the requests for extension show appellee considered filing a tax return for 2003, but they do not necessarily show awareness of taxable income for 2003.

Besides testifying that she did not receive a Form 1099 for 2003, appellee also stated repeatedly that she did not work and had no income in 2003. Drawing all reasonable inferences supported by the record in favor of the trial court's judgment, the evidence supports finding that appellee did not earn any income in 2003

and she did not receive a 1099 for 2003. The evidence also supports findings that the tax, penalties, and interest at issue did not result from appellee's failure to report her income to the IRS but from appellant's filing a Form 1099 with the IRS without sending a copy to appellee.

Appellant also argues he did not violate the decree because appellee did not provide him notice of the 2003 tax liability as required by the divorce decree. The decree required that "each party shall send to the other party within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party." The decree did not make appellant's responsibility for the 2003 taxes contingent upon appellee's compliance with this provision. The record does not show what documents, if any, appellee received from the IRS that she did not forward to appellant. Appellee's January 25, 2007 letter to appellant informed appellant of his duty to pay her 2003 taxes, that his roofing company had reported to the IRS that it paid her income, and that her accountant had the information. She then requested appellant to contact her accountant and the IRS. The court could reasonably conclude this letter gave appellant notice of the pending 2003 taxes and his obligation to pay them and told him where to get the necessary information to fulfill his obligation.

Appellant also argues the trial court's award of damages are not supported by sufficient evidence. Appellant asserts, "The only evidence of damages presented was the testimony of Deborah Hollingsworth." Appellant does not explain why appellee's testimony is not sufficient to support the court's award of damages. Appellant further argues, "There was no evidence of the alleged levies by the IRS." However, appellee testified to the levies:

Q.  ... After the liability for the taxes, did the IRS levy from your future returns, your '05 return to pay the '03 taxes?

A.  Yes, they did.

Q.  And did they first do that in the amount of $1,563.00?

A.  Yes, they did.

Q.  Did they, subsequently, do that in the amount of $937.00?

A.  Yes, they did.

Q.  Did they also then levy your bank account to pay the '03 tax liability?

A.  Yes, they did.

Q.  Did they do that in the amount of $3,806.74?

A.  Yes, they did.

Q.  Did that levy on your Bank of America bank account cause you overdraft fees?

A.  Tremendously.

\*      \*      \*

Q.  Okay. Were the fees associated with the levy and the overdrafts $425.00?

A.  Yes.

Besides appellee's testimony, the trial court also admitted a written summary of appellee's damages containing the same information as appellee's testimony.

Appellant argues that appellee's testimony and the summary are insufficient to support the court's award of damages because the account transcript from the IRS did not list the levies and because the amount shown on the transcript for the remaining tax liability varies from appellee's testimony. Appellant is partially correct; the IRS account transcript does not list the $3806.74 levy from appellee's bank account, but it does list two credits to appellee's account for $1563 and $937, which is the amount appellee testified was levied from her 2005 tax refund. As for the bank levy, the evidence of the

levy includes both appellee's testimony and a letter from appellee's counsel to appellant's counsel describing appellee's damages and stating the levy occurred in August 2007. Appellant presented no evidence that the absence of the levy entry from the transcript meant the levy never occurred. Assuming the absence of the bank levy from the transcript creates a conflict in the evidence, the trial court had discretion to resolve that conflict in favor of appellee.

Appellant also argues the evidence is insufficient because appellee's testimony that she still owed the IRS $7672.76 varied from the IRS account transcript showing an account balance of $11,458.51. As discussed above, the IRS account transcript does not include the bank levy. When the amount of the bank levy is subtracted from the account balance shown on the transcript, the account balance is $7651.77, which varies by only $20.99 from appellee's testimony of the amount then owed to the IRS. The court could infer from the evidence that this variance was due to the accrual of interest on the account between the date of the transcript and the trial. We conclude the evidence is both legally and factually sufficient to support the trial court's award of actual damages.

We overrule appellant's sixth issue to the extent it concerns appellant's violation of the decree and the court's award of actual damages.

## CLARIFICATION ORDER

Appellant's first, third, fourth, and fifth issues concern whether the trial court abused its discretion in entering the clarification order. Under the family code, the trial court has authority to clarify a decree that is not specific enough to be enforceable by contempt by rendering a clarifying order setting forth specific terms to enforce compliance with the original division of property. TEX. FAM.CODE ANN. § 9.008(b) (Vernon 2006). The court must provide a reasonable time for compliance with the clarifying order before enforcing it. *Id.* § 9.008(d). An enforcement or clarifying order may not modify the division of property ordered in the divorce decree. *Id.* § 9.007(a).

In his third issue, appellant contends the decree is unambiguous, so the trial court had no authority to render a clarifying order. He asserts the decree's language was unambiguous in requiring appellant to pay the taxes unless the additional tax, penalties, and interest were assessed as a result of appellee's omission of income. We agree that portion of the decree is not ambiguous. However, the parties' liability for the taxes, penalties, and interest are not the portion of the decree the court clarified. The decree orders appellant to pay the taxes, penalties, and interest "timely." As one appellate court has observed, "The word 'timely' is imprecise and subjective; it does not readily inform the person of the duty imposed upon him. Such an order is unenforceable and cannot support a contempt judgment." *Ex parte Carpenter,* 566 S.W.2d 123, 124 (Tex.Civ.App.-Houston [14th Dist.] 1978, orig. proceeding). The clarification order provided a precise time and place that appellant was to pay appellee the amount of appellee's obligation to the IRS for 2003. The decree was also ambiguous in that it did not describe who appellant was to pay, that is, whether he was to pay the taxes directly to the IRS, pay appellee who would then pay the IRS, reimburse appellee for her tax payments to the IRS, or all three. The clarifying order stated that appellant was to pay appellee the amount still owing to the IRS and to reimburse her for the amounts she had paid the IRS through its levies on her

2005 tax refund and her bank account. We overrule appellant's third issue.

■ In his fourth issue, appellant contends the clarification order impermissibly modified the division of property in the divorce decree. He asserts he is not liable for the taxes when penalties and interest were assessed as a result of appellee's failure to report income. However, when we draw every reasonable inference supported by the record in favor of the judgment, the evidence shows appellee had no income in 2003 and, thus, was not required to report income. Instead, the taxes, penalties, and interest resulted from appellant's sending a Form 1099 to the IRS without sending a copy to appellee.

Appellant also argues that the clarifying order modifies the decree because the decree required appellant to indemnify appellee for the taxes she paid; it did not require him to pay her directly for unpaid taxes. Appellant cites two cases in support of this argument. In *McGehee v. Epley*, 661 S.W.2d 924 (Tex.1983) (per curiam), the decree required husband to pay wife half his net retirement benefits. The trial court issued a clarifying order requiring husband to pay wife half his gross retirement benefits. *Id.* at 925–26. The supreme court held this order was an unenforceable modification of the divorce decree's division of property. *Id.* The supreme court's case did not involve the indemnity issue in this case. Appellant also cites *Tyler v. Tyler*, 742 S.W.2d 740, 743 (Tex.App.-Houston [14th Dist.] 1987, writ denied). In that case, the divorce decree divided stock shares equally between husband and wife. At the time of the decree, the stock was pledged to a bank as collateral for a $50,000 note signed only by husband. *Id.* at 741. The decree

provided that when the note came due three years later, husband was to pay the balance of the note. Wife wanted her portion of the stock immediately, and when the bank refused to release it, she paid the balance owing on the note. She then sued husband for the amount she paid the bank, and the trial court awarded her that amount as an action to enforce the decree. *Id.* at 742–43. The court of appeals held wife was not entitled to reimbursement because she voluntarily paid the note with full knowledge of all the facts and without fraud, deception, duress or coercion. *Id.* at 743. The court of appeals also held the trial court's judgment was an improper modification of the divorce decree because it imposed an obligation to pay where no such obligation previously existed. *Id.* Appellant argues the order requiring him to pay appellee directly for the unpaid taxes affirmatively imposed an obligation to pay where no such obligation previously existed. We disagree. The decree imposed on appellant the responsibility to pay the taxes. The decree did not specify whether he was to pay appellee the amount she owed for her taxes, indemnify her for amounts she had already paid toward the taxes, or if he was to pay the IRS directly. The trial court's order clarified that issue. Appellant has not identified any new obligation imposed by the clarification order that was not already present in the divorce decree.[1] We overrule appellant's fourth issue.

■ In his fifth issue, appellant contends his obligation to pay taxes pursuant to the divorce decree and the clarifying order is not enforceable by contempt. A complaint is ripe when the controversy is real as opposed to abstract, hypothetical,

---

1. Whether the inclusion of appellee's bank overdraft charges in the court's damages finding constitutes a modification of the divorce decree has not been raised on appeal, and we make no determination of that issue.

or remote. *In re A.M.*, 974 S.W.2d 857, 866 (Tex.App.-San Antonio 1998, no pet.). This issue is not ripe because no contempt order has been entered against appellant, nor has he been imprisoned for failing to comply with the trial court's orders. *See id.; Thomas v. Thomas*, 917 S.W.2d 425, 436 (Tex.App.-Waco 1996, no writ). We overrule appellant's fifth issue.

We conclude appellant has not shown that the trial court abused its discretion in rendering the clarifying order. We overrule appellant's first issue.

### ATTORNEY'S FEES

In the sixth issue, appellant also asserts the evidence is legally and factually insufficient to support the trial court's award to appellee of $7000 attorney's fees. The trial court has authority to award attorney's fees in a suit to enforce a divorce decree. TEX. FAM.CODE ANN. § 9.014 (Vernon 2006). Appellant states the only evidence submitted in support of the fees was a summary. However, appellant did not object to the admission of the summary, and he does not explain why the summary could not be considered. Furthermore, there was other evidence, the testimony of appellee's attorney.

Appellant contends the evidence is insufficient because appellee did not submit itemized invoices or time records. However, appellant cites no authority requiring the submission of itemized invoices or time records before attorney's fees may be awarded. This argument is not properly briefed. TEX.R.APP. P. 38.1(h).

Appellant also argues the award of attorney's fees was not reasonable because the petition for enforcement was barred by limitations, the divorce decree was unambiguous and did not require clarification,

and there was no basis for an action for contempt. As discussed above, appellant waived the limitations defense, the decree was ambiguous and required clarification, and whether appellant's obligation to pay the taxes is enforceable by contempt is not ripe for judicial determination.

We conclude appellant has not shown the evidence supporting the trial court's award of attorney's fees to appellee was legally or factually insufficient. We overrule the remainder of appellant's sixth issue.

### CONCLUSION

We affirm the trial court's judgment.