

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00071-CV

_____

IN THE MATTER OF THE MARRIAGE OF
RODNEY M. MOORE AND CYNTHIA MOORE

On Appeal from the 392nd Judicial District Court
Henderson County, Texas
Trial Court No. 2005B-1049

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

As a result of the 2007 divorce of Cynthia and Rodney M. Moore in Henderson County,[1] Cynthia was ordered to begin, on June 1, 2008, making mortgage payments on the house awarded to her in the divorce. When she failed to make the first and subsequent payments, Rodney did so. In an enforcement action,[2] Rodney was awarded against Cynthia the sum of $13,226.94 for the mortgage payments for June 2008 through February 2009, and $1,500.00 in attorneys' fees. On appeal, Cynthia argues that the trial court was without jurisdiction over Rodney's enforcement action, that his pleadings did not support the recovery, that the "voluntary" nature of Rodney's payments subvert any obligation of Cynthia to Rodney for reimbursement, and that the attorneys' fees award was not supported by the evidence.

We affirm the trial court's judgment because (1) the trial court had jurisdiction over Rodney's enforcement action, (2) no pleading defect has been preserved, (3) Cynthia remained

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]As part of the 2007 divorce decree, Cynthia had been awarded possession of the family's home, and Rodney was to make the mortgage payments through May 2008. Beginning June 1, 2008, Cynthia was ordered to make the mortgage payments. In 2009, Rodney filed a petition, and subsequently an amended petition, for enforcement, alleging Cynthia did not make payments from June 2008 through February 2009. Rodney's petitions alleged that Cynthia failed to make these payments and that Rodney was owed $13,226.94. Rodney's enforcement petitions did not state that Rodney had made the mortgage payments, but at trial he testified that he had, and he produced receipts evidencing those payments. Rodney said he made the mortgage payments when he believed Cynthia would not, and Rodney feared damage to his credit scores. He testified he did not intend these mortgage payments as a gift to Cynthia.

obligated for the mortgage payments, and (4) sufficient evidence supports the attorneys' fees award.

*(1)    The Trial Court Had Jurisdiction over Rodney's Enforcement Action*

Cynthia claims that the trial court was without jurisdiction to act in this case, as the trial court's order was made well more than thirty days after the original decree was signed, that is, after the court's plenary power had lapsed.[3]   The trial court that renders a divorce decree retains the power to enforce the decree's property division.  *See* TEX. FAM. CODE ANN. § 9.001 (Vernon 2006).   A trial court may render further orders to enforce the division of property made in the divorce decree to assist in the implementation of the prior order, but the trial court cannot alter or amend the substantive division of property specified in the divorce decree.   TEX. FAM. CODE ANN. §§ 9.006(a), 9.007 (Vernon 2006); *see In re Marriage of Alford*, 40 S.W.3d 187, 188 (Tex. App.—Texarkana 2001, no pet.).   Because the decree of divorce ordered Cynthia to make the mortgage payments beginning in June 2008, entertaining Rodney's petition to enforce the decree was within the trial court's authority.  *See Noyes v. Noyes*, 04-08-00627-CV, 2009 Tex. App. LEXIS 6220 (Tex. App.—San Antonio Aug. 12, 2009, no pet.) (mem. op.) (where decree awarded wife proceeds from house sale, enforcement action proper to compel husband to close on sale of house in reasonable time); *Joachim v. Joachim*, No. 05-06-00929-CV, 2008 Tex. App. Lexis 621 (Tex. App.—Dallas Jan. 30, 2008, no pet.) (mem. op.) (to enforce decree provision that parties

---

[3]The decree was initially signed May 2, 2007; a judgment nunc pro tunc was signed June 1, 2007.   After announcing its order in court September 29, 2009, the trial court signed a written order April 19, 2010.

cooperate to sell house, trial court properly ordered wife to appear at closing). We overrule this appellate issue.

*(2)    No Pleading Defect Has Been Preserved*

Cynthia also complains about alleged deficiencies in Rodney's pleadings. Rodney filed an amended petition for enforcement on February 6, 2009, alleging that Cynthia had failed to make mortgage payments for the months of June, July, August, September, October, November, and December 2008, as well as for the months of January and February 2009. The petition cited the divorce decree, wherein it had been ordered that, beginning June 1, 2008, Cynthia was to make the mortgage payments.[4]

Cynthia's appellate brief complains Rodney's pleadings to the trial court failed (a) to cite authority in the Texas Family Code for his requested relief, (b) to allege Cynthia's responsibility to make the mortgage payments, (c) to allege Rodney made the mortgage payments, and (d) to allege a debt owed by Cynthia to Rodney. This is true; both Rodney's original petition for enforcement and amended petition simply quote the decree's paragraph assigning the mortgage obligation, beginning in June 2008, to Cynthia; list months for which Cynthia failed to make those payments; claim Rodney is entitled to a certain amount of money; pray for a judgment in that amount, along

---

[4]Although the record provided this Court does not include a copy of the divorce decree, both parties have attached copies of the nunc pro tunc decree to their briefs. In her statement of facts, Cynthia does not acknowledge her responsibility for the mortgage payments beginning in June 2008. Rather, she correctly states that "[u]ntil May 31, 2008," Rodney was to pay the mortgage. After that, in Cynthia's recitation of the facts, Rodney continued to voluntarily pay the mortgage. This was the position she argued before the trial court and which she maintains on appeal. Although she does not acknowledge her responsibility to pay the mortgage beginning in June 2008, Cynthia does not dispute this clear reading of the decree. We will treat the contents of the nunc pro tunc divorce decree as agreed facts. *See* Tex. R. App. P. 38.1(g).

with interest; and pray for attorneys' fees. Cynthia, though, never filed special exceptions to Rodney's pleadings or otherwise claimed a pleading defect to the trial court. Although she cross-examined Rodney, suggested he had made a gift of the payments, and pointed out that no one had asked him to make them, she never argued the relief sought was not supported by the pleadings. By failing to challenge Rodney's pleadings at the trial court, Cynthia waived any complaint. *See Shoemake v. Fogel*, *Ltd*., 826 S.W.2d 933, 937 (Tex. 1992) (party who filed no special exceptions to clarify plaintiff's pleadings could not claim on appeal that pleadings were insufficiently specific). A party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal. *Roark v. Stallworth Oil & Gas*, *Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *Stewart Title Guar. Co. v. Aiello*, 911 S.W.2d 463, 474 (Tex. App.—El Paso 1995), *rev'd & remanded sub nom. on other grounds*, 941 S.W.2d 68 (Tex. 1997).

Cynthia also argues the "live pleading" on file as of the trial court's written order does not support the relief granted in that trial court order. We do not agree with Cynthia's interpretation of the record. Rodney filed his original petition for enforcement August 27, 2008, alleging Cynthia failed to make mortgage payments in June, July, and August 2008. Rodney filed an amended petition February 6, 2009, alleging Cynthia's failure to make mortgage payments from June 2008 through February 2009. The trial court held its hearing on this matter on September 29, 2009. At the hearing, Rodney testified he made payments for each of the months

5

of June 2008 through July 2009. He also produced receipts for each of these payments. After all these payments, and less a partial reimbursement Rodney received from the escrow account after the loan was paid in full, Rodney said he was owed $17,952.57. At the hearing, however, the trial court verified with Rodney's attorney that the only pleading before the trial court as of that date was the amended pleading from February, which claimed Rodney was owed $13,226.94. Rodney's attorney made a tacit acknowledgment that his pleading should have been amended to seek the other five months' payments Rodney testified to making, but not covered in the amended petition. The trial court orally awarded Rodney $13,226.94, the amount sought in the amended petition.

Three months later, on December 28, 2009, Rodney filed a "Petition for Enforcement" alleging Cynthia had failed to make the mortgage payments from March through July 2009. In her brief, Cynthia claims this petition superseded the February 2009 amended petition, which was on file at the time of the hearing. The trial court signed an order on the petition for enforcement, awarding $13,226.94. The order found that Cynthia failed to make the mortgage payments for June 2008 through February 2009, and made no mention of the months March through July 2009. The trial court's written judgment was in complete accord with the judgment pronounced at the September 29 hearing. There is nothing in the record showing the December 28, 2009, petition was ever considered or discussed by the parties or the trial court. Cynthia presents no argument or authority for her assertion that the December 2009 petition, which was not styled "amended

6

petition" and which alleged new payment dates not contained in the amended petition, superseded the amended petition.[5] We construe pleadings liberally, with an eye to the pleader's intent. *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982). Rodney had designated his February 2009 pleading an amended pleading, but did not so designate the December 2009 pleading. *See* TEX. R. CIV. P. 64. The dates alleged in the December 2009 pleading, and the title of that pleading, suggest a reasonable inference that Rodney intended a new enforcement action seeking reimbursement for payments not awarded in the trial court's oral judgment of September 2009. *See* TEX. FAM. CODE ANN. § 9.001. We overrule this issue.

*(3)     Cynthia Remained Obligated for the Mortgage Payments*

Cynthia argues that, because Rodney made the mortgage payments voluntarily, no debt from Cynthia to Rodney was created. In support of this argument, Cynthia cites *Tyler v. Tyler*, 742 S.W.2d 740 (Tex. App.—Houston [14th Dist.] 1987, writ denied). We find Cynthia's reliance on that case misplaced. In the Tylers' divorce, a number of shares of stock were divided evenly between the two parties. But the shares had been pledged as security for a loan issued to Mr. Tyler. The loan was not due and payable until almost three years after the divorce; per the terms of the decree, dividends earned from the shares, which were in the possession of the bank that had issued Mr. Tyler the loan, would be credited toward the loan balance. At the loan's due date, any remaining balance was to be paid by Mr. Tyler. Just a couple of months after the

---

[5]As such, her claim is inadequately briefed. TEX. R. APP. P. 38.1(i). In the interest of justice, we attempt to address her claim.

7

divorce, Mrs. Tyler demanded her half of the stock shares; the bank sold her shares, paid Mr. Tyler's loan, and gave the rest of the proceeds of the stock share to Mrs. Tyler. Mrs. Tyler then sued Mr. Tyler for $50,000.00, the loan amount, which the bank had withheld from the proceeds of Mrs. Tyler's stock shares. *Id.* Although the trial court awarded Mrs. Tyler most of the $50,000.00 (off-set by the dividends that would have been generated had the bank retained the stock for the anticipated loan period), the court of appeals held that Mrs. Tyler voluntarily paid the loan balance when she had absolutely no obligation to do so. The appellate court pointed out that, while the loan was a community debt, it had been signed only by Mr. Tyler and the divorce decree clearly put the obligation for payment of the loan solely on him. *Id.* Because Mrs. Tyler effectively caused the loan balance to be paid early, where she had no obligation to do so, and because the divorce decree put no obligation or liability on her for the loan, she could not then claim reimbursement from Mr. Tyler.

Conversely, the Moores' divorce decree plainly ascribed to Cynthia the responsibility for the mortgage payments commencing June 2008. Rodney testified he did not make the payments as a gift. He tried to contact Cynthia in April 2008, before her obligation to pay the mortgage went into effect—she returned none of his calls, and a certified letter was returned. He monitored the mortgage account each month. When it became clear to him that Cynthia was not going to make the payments, he did so on as late a date as he could while still avoiding having the loan go into delinquency. He testified he was concerned about his credit score, which he said could have

8

been adversely affected if the mortgage payments were not made; he planned to buy a house. Because the instant situation is different from that in *Tyler*, we do not find its reasoning persuasive here. The trial court's order of reimbursement from Cynthia to Rodney was a proper function of the trial court's enforcement authority. *See* TEX. FAM. CODE ANN. § 9.006 (Vernon 2006).

*(4)    Sufficient Evidence Supports the Attorneys' Fees Award*

Rodney's attorney offered testimony and an itemized bill claiming Rodney's attorneys' bill was in excess of $6,000.00. The trial court awarded Rodney only $1,500.00 in attorneys' fees. Cynthia complains the evidence is insufficient to support even this award.

Reviewing the record, it appears Rodney was represented during the divorce and throughout the enforcement action by an attorney named Cynthia Palmer. At the hearing held in September 2009, attorney Monica Peters appeared for Rodney. She announced she was appearing for Palmer, who was ill. Peters told the trial court she was an associate of Palmer, and all motions and pleadings signed by either Palmer or Peters bear the name of the Wright law firm in Dallas. Cynthia's attorney objected to Peters' appearance before the trial court, complaining she had not filed a notice of appearance. The trial court allowed Peters' participation, and she testified to attorneys' fees incurred. Peters testified her time working on the case amounted to $437.50 in attorneys' fees. She also testified to extensive work done by Palmer and legal assistants in the firm's office. The trial court asked Peters why the bill was in excess of $6,000.00 for an enforcement action. Peters responded that her side had sought to settle the case, that the

9

case had been continued more than once, and that significant drive time from Dallas to Henderson County was necessary. Peters also filed with the trial court an affidavit of attorneys' fees, to which was attached an itemized bill of the firm's time and expenses in the litigation, consistent with her testimony. Notwithstanding this evidence, the trial court awarded Rodney $1,500.00 in attorneys' fees.

The trial court has discretion to award reasonable attorneys' fees in a proceeding to enforce a divorce decree. TEX. FAM. CODE ANN. § 9.014 (Vernon Supp. 2010); *McKnight v. Trogdon-McKnight*, 132 S.W.3d 126, 132 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A court is not mandated to award attorneys' fees equal to those testified to at trial. *Nat'l Mar-Kit, Inc. v. Forrest*, 687 S.W.2d 457, 460 (Tex. App.—Houston [14th Dist.] 1985, no writ). Though Cynthia claims no attorneys' fees should have been awarded, we find the trial court's award of attorneys' fees was supported by the evidence.[6]

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:        March 8, 2011

---

[6]We also point out Cynthia offers no authority or argument in support of her position. She simply asserts the evidence is insufficient and points to her trial objections attacking Peters' ability to testify as custodian of her office's billing records. Cynthia claims Peters had little or no personal knowledge of the itemized activities in the attorneys' bill. An appellant's brief is to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Notwithstanding this inadequacy, we find the evidence sufficient to support the trial court's award.

10

Date Decided:		March 11, 2011