**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 9, 2012.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-12-00093-CV

## IN RE AMAR AL-KUTOB, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Civil Court at Law No. 4**
**Harris County**
**Trial Court Cause No. 850,159**

## MEMORANDUM OPINION

On February 1, 2012, relator Amar Al-Kutob filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Roberta Lloyd, presiding judge of the County Civil Court at Law No. 4 of Harris County to vacate the Order on Contempt Proceeding dated November 1, 2011.

On April 30, 2008, the trial court signed a judgment in a dispute between relator, a dental employer, and real-party-in-interest, The Dental Solution, in favor of the real

party. The judgment was appealed, but not superseded. This court affirmed the trial court's judgment on February 25. *Allday Dental v. The Dental Solution*, 309 S.W.3d 606 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

While the appeal was pending, the real party, in an effort to collect the judgment, sought a turnover order from the trial court. On November 11, 2008, the trial court signed a turnover order in which it found that relator received $280,000 prior to trial, and is in possession of $104,000 in an overseas account. The trial court ordered relator to turn over the $104,000 in satisfaction of the earlier judgment. On March 11, 2011, the real party filed a motion to enforce the turnover order by contempt. Real party alleged that relator was in contempt of the order because he failed to turn over the $104,000. Real party asked that relator be held in contempt and fined up to $500 or imprisoned in the Harris County Jail for six months.

On October 27, 2011, the trial court held a hearing on real party's motion for enforcement. Subsequently, the trial court signed an order dated November 1, 2011, on real party's motion, in which the court ordered relator to pay $200 per month in $100 installments due on the second and fourth Friday of each month. The court ordered payments to be made into the registry of the court beginning November 11, 2011. The court further ordered relator to appear on February 1, 2012, at 9:00 a.m. to determine if he had complied with the order. If the court found that relator had not complied with the turnover order, the court stated that it "will determine and impose a fixed period of punitive confinement up to a term of six months in the Harris County jail[.]" The petition and record do not reflect whether relator appeared February 1, 2012, or, if so, what action, if any, was taken.

In his petition for writ of mandamus, relator argues that the trial court's November 1, 2011 order is void because (1) the Texas Constitution prohibits imprisonment for debt,

2

and (2) the order violates his right to due process.  *See* Tex. Const. Art. I § 18, 19; U.S. Const. Amend. XIV.

The record does not reflect that a contempt order was entered against relator, or that he has been imprisoned for failure to comply with the turnover order.  Relator contends that he expects to be imprisoned if he does not make the next payment due on February 10, 2012.  A complaint is ripe when the controversy is real as opposed to abstract, hypothetical, or remote.  *Texas Court Reporters Cert. Bd. v. Esquire*, 240 S.W.3d 79, 92 (Tex. App.—Austin 2007, no pet.).  The issues raised by relator are not ripe because no contempt order has been entered against relator, nor has he been imprisoned for failing to comply with the trial court's order.  *See Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 820 (Tex. App.—Dallas 2008, no pet.).

Relator has not established entitlement to the extraordinary relief of a writ of mandamus.  Accordingly, we deny relator's petition for writ of mandamus and also deny relator's related emergency motion to stay proceedings.

PER CURIAM

Panel consists of Justices Seymore, Brown, and Boyce.

3