**Opinion issued August 8, 2024**



In The

# Court of Appeals

### For The

## First District of Texas

———————————

### NO. 01-23-00248-CV

———————————

**IN THE MATTER OF THE MARRIAGE OF MICHELLE LEIGH JOHNSON AND ROBERT LEE JOHNSON AND IN THE INTEREST OF K.L.J., A CHILD**

**On Appeal from the 170th District Court[1]**
**McLennan County, Texas**
**Trial Court Case No. 2021-575-4**

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Tenth District of Texas to this Court. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

## MEMORANDUM OPINION

Robert Lee and Michelle Leigh Johnson divorced in August 2022. In February 2023, Michelle filed a motion in the trial court to enforce various terms of the divorce decree. Robert Lee Johnson appeals from the trial court's order enforcing the decree. We affirm.

## Background

In August 2022, the trial court ordered and decreed that Robert and Michelle Johnson were divorced. As part of the division of property, the divorce decree awarded Michelle "[a]ll shares of Johnson Dillard Inc. [sic] stock in the name of or owned by" Robert. The decree also provided for a date and time for Robert to execute documents to transfer the shares. It stated:

> ROBERT LEE JOHNSON is ORDERED to appear in the law offices of Christie Ryan at Ryan law, 210 North 6th Street, Waco, Texas, on or before September 15, 2022, and to execute have acknowledged, and deliver to MICHELLE LEIGH JOHNSON these instruments:
>
> > 1. The corporate resolution and issuance of share certificates of Johnson-Dillard Inc. stock in ROBERT LEE JOHNSON'S name or owned by ROBERT LEE JOHNSON; IT IS FURTHER ORDERED that ROBERT LEE JOHNSON shall sign any and all documentation necessary to effectuate the transfer of all shares of stock in Johnson-Dillard Inc. from ROBERT LEE JOHNSON'S name into MICHELLE LEIGH JOHNSON'S name.

In February 2023, Michelle moved to enforce the divorce decree. She alleged that Robert had violated the decree in several ways, including failing to appear and

transfer the stock. By the time of the enforcement hearing, all the alleged violations had been resolved except for Robert signing the stock-transfer paperwork.

At the enforcement hearing, Michelle's counsel brought paperwork prepared by the Johnson-Dillard corporate lawyers for Robert to sign and effectuate the stock transfer. Robert argued that the stock was his separate property and subject to his deceased mother's will. The court recessed temporarily during the hearing to allow the corporation's attorney to come to court and explain the paperwork. At the conclusion of the hearing, the trial court granted the motion to enforce and ordered that Robert sign paperwork to effectuate the transfer of stock. The trial court stated that, to the extent Robert argued that the paperwork was ineffective based on the will, he could pursue that matter with the probate court. Robert signed the paperwork in the courtroom. He appealed.

### Enforcement Order

On appeal, Robert argues that the trial court abused its discretion by ordering him to sign the transfer paperwork. As he did at the enforcement hearing, he attempts to relitigate the property division itself, arguing that some of the shares of the corporation are his separate property and arguing that the paperwork he signed was ineffective.

We review a trial court's ruling on a post-divorce motion for enforcement of a divorce decree for an abuse of discretion. *Gainous v. Gainous*, 219 S.W.3d 97,

103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When, as here, the trial court makes no separate findings of fact or conclusions of law, we draw every reasonable inference supported by the record in favor of the trial court's judgment. *Worford*, 801 S.W.2d at 109; *Hollingsworth*, 274 S.W.3d at 815.

A judgment finalizing a divorce and dividing marital property bars relitigation. *Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). A trial court retains continuing subject-matter jurisdiction to enforce a divorce decree's property division. *See* TEX. FAM. CODE §§ 9.002, 9.006; *Pearson*, 332 S.W.3d at 363; *Howard v. Howard*, 490 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (stating trial court retains jurisdiction to clarify and enforce property division). "The Texas Legislature confers upon the trial court wide discretion in the enforcement of property divisions subsequent to a decree of divorce." *Dade v. Dade*, No. 01-05-00912-CV, 2007 WL 1153053, at *1 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem. op.).

Robert argues that the trial court abused its discretion by ordering him to sign the stock-transfer paperwork. He argues that some of the stock was subject to his mother's will which had not been probated at the time of the hearing. He also argues that the trial court erred by not holding an evidentiary hearing.

The parties do not dispute that the divorce decree was entered in August 2022. They do not dispute that the decree ordered Robert to "sign any and all documentation necessary to effectuate the transfer of all shares of stock in Johnson-Dillard Inc." from Robert's name to Michelle's name. At the time of the hearing, Robert had not executed the documents as ordered by the decree. The trial court has continuing jurisdiction to enforce the divorce decree's property division. TEX. FAM. CODE § 9.002. Section 9.006 of the Family Code, entitled Enforcement of Division of Property, provides that "the court may render further orders to enforce the division of property made or approved in the decree of divorce . . . to assist in the implementation of or to clarify the prior order." TEX. FAM. CODE § 9.006(a). The trial court ordered Robert to sign documents that the divorce decree had previously ordered him to sign. The trial court could have held him in contempt for failure to follow the decree. The trial court did not abuse its discretion in ordering Robert to execute the documents, as ordered in the divorce decree.

To the extent Robert complains that the trial court did not take testimony under oath from the corporation's attorney, Robert failed to object in the trial court.

This complaint is waived. TEX. R. APP. P. 33.1(a). Moreover, the trial court offered to take the attorney's testimony under oath, and Robert declined. To the extent he attempts to relitigate the property division, Robert only appeals from the motion to enforce the decree. This is not an appeal of the property division in the decree itself. The trial court may not, and did not, alter the property division in the decree by ordering its enforcement. *See* TEX. FAM. CODE § 9.007(a) (stating order to enforce property division is limited to order to assist in implementation of division of property and may not alter or change the property division). We overrule Robert's issues on appeal.

## Conclusion

We affirm the order of the trial court.


Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.