**Luke William ABLE, Sr., Appellant,**

v.

**Mary Beth ABLE, Appellee.**

**No. B14–86–272–CV.**

Court of Appeals of Texas. Houston (14th Dist.).

Jan. 29, 1987.

Rae V. Calvert, Houston, for appellant.

Patricia A. Wicoff, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellee was awarded $4,478 plus $1,000 in attorney's fees in a suit to enforce a divorce decree. The issue was whether taxes constituted a community liability under the language of the decree. We affirm the judgment of the trial court.

The parties were divorced on November 28, 1984, after more than thirty years of marriage. The trial court awarded "[o]ne-half of all sums paid for prepayment of the parties 1984 federal income tax on deposit with the Internal Revenue Service as of the date of entry of this Decree" as sole and separate property to each party. The divorce decree further stated:

IT IS ORDERED AND DECREED that Respondent shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Petitioner harmless from any failure to so discharge these debts and obligations:

. . . . .

3) Any and all other community liability of any nature not specifically ordered to be paid by MARY BETH ABLE herein.

When appellee filed her income tax return for 1984, she reported one-half of the income of appellant in accordance with Internal Revenue Code regulations. She also had other income. She paid $4,561 in addition to the pre-paid amount and sought reimbursement from appellant. When he refused to reimburse her, she sued to enforce the trial court's divorce decree. The court found that the tax liability was incurred during the marriage and constituted a community indebtedness for which appellant was liable. Appellant raises thirteen points of error on appeal.

In his first three points, appellant challenges the trial court's power to modify the divorce decree by making what he terms "substantive changes." The court's power in this instance is governed by Tex. Fam.Code Ann. §§ 3.70 and 3.71 (Vernon Supp.1987) whereby the court may *enforce* a division of property under a decree of divorce or annulment but may not *amend, modify, alter* or *change* the division. Enforcement orders are limited to those in aid or in clarification of the prior order. Therefore, it must be determined whether the court's action was an enforcement or modification. The trial court merely interpreted certain language of the divorce decree awarding appellee reimbursement for a liability assigned to appellant under the language of the decree. It interpreted and clarified language as it had jurisdiction to do. *Cohen v. Cohen,* 663 S.W.2d 617, 620 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The award of attorney's fees was authorized under § 3.77 of the Family Code. Points of error one through three are overruled.

In point of error four, appellant claims that as the trial court had already awarded appellee one-half of the pre-paid taxes, the reimbursement award was in error. This award did not necessarily encompass the parties' total 1984 federal income tax obligation, but was simply the dividing of a specific "asset." It did not preclude the court's assessing the remaining amount owed against appellant under the "catchall" paragraph. Point of error four is overruled.

In points of error five and six, appellant argues the court erred in categorizing the taxes as a community liability or as a community debt. Appellate courts have generally treated income taxes as a community debt, and the Supreme Court has recognized that the term may well be held to include taxes in some cases. *See Gaulding v. Gaulding*, 256 S.W.2d 684, 688 (Tex.Civ. App.—Dallas 1953, no writ); *Moody v. Moody*, 154 Tex. 114, 274 S.W.2d 535, 536–37 (1955).

■ While a tax is technically not a debt and a court has no power to relieve either party of personal liability to the taxing authority, in dividing property between spouses a court may take the tax liability into consideration and may even require one party to assume the other's liability or require reimbursement for taxes paid. *Cole v. Cole*, 532 S.W.2d 102, 104–05 (Tex. Civ.App.—Dallas 1975, no writ). Points of error five and six are overruled.

In point of error seven, appellant argues that the trial court erred in holding that the divorce judgment assigned liability for all community indebtedness to him because the phrase "all other community liability" excludes income taxes which were specifically provided for elsewhere in the decree. This point of error is substantially similar to points four, five and six and is overruled. The court can reasonably construe its own decree.

■ In point of error eight, appellant claims that Finding of Fact No. 7, which states in part that the parties stipulated to the amount of the tax liability which had accrued during the marriage, is in error because there is no evidence of such a stipulation. Appellant is correct. However, an erroneous finding of fact or conclusion of law does not require a judgment to be reversed if the judgment is otherwise correct on the merits. *Vandever v. Goette*, 678 S.W.2d 630, 635 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The judgment is correct and this incorrect finding of fact did not lead the court into error. Point of error eight is overruled.

■ In point of error nine, appellant claims Finding of Fact No. 3 is in error.

Appellee's 1984 federal income tax return was marked as an exhibit and tendered with no objection by appellant. When specific findings of fact and conclusions of law are filed and a statement of facts is before the appellate court, the findings will be sustained if there is any evidence to support them. *Cohen v. Cohen*, 663 S.W.2d at 621; *Chapa v. Herbster*, 653 S.W.2d 594, 599 (Tex.App.—Tyler 1983, no writ). This tax return is sufficient to support Finding of Fact No. 3. Point of error nine is overruled.

■ In points of error ten, eleven and twelve, appellant argues that there is no evidence to support certain findings of fact and a conclusion of law. Appellant did not object or try to clarify the income or reporting period when the tax return was marked as an exhibit. Neither did appellant respond to the offer of the CPA's testimony. The time to resolve any discrepancy was at the hearing, and appellant had ample opportunity to do so. In a no evidence point, a reviewing court considers only that evidence favorable to the finding. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *Bormaster v. Henderson*, 624 S.W.2d 655, 659–60 (Tex.App.—Houston [14th Dist.] 1981, no writ). There is evidence to support Findings of Fact Nos. 4 and 5 and Conclusion of Law No. 1. Points of error ten, eleven and twelve are overruled.

■ In point of error thirteen, appellant asserts that the trial court erred in failing to make a certain finding of fact. The record does not reflect that appellant requested such a finding following the trial court's stating his findings of fact and conclusions of law. Therefore, this issue was waived. *Joyce v. First National Bank of Snyder*, 99 S.W.2d 1092, 1095 (Tex.Civ. App.—Eastland 1936, no writ). Point of error thirteen is overruled.

We affirm the judgment of the trial court.