**Opinion issued December 31, 2013**



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-11-00344-CV

_____

### CHOCKALINGAM S. PALANIAPPAN, Appellant

### V.

### HARRIS COUNTY APPRAISAL DISTRICT, Appellee

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-61882**

---

# MEMORANDUM OPINION ON REHEARING[1]

---

[1] On December 13, 2012, a majority of this panel held that Palaniappan had not alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case and, therefore, we vacated the trial court's judgment and dismissed the case for want of subject-matter jurisdiction. *See* TEX. R. APP. P. 42.3. Palaniappan filed a motion for rehearing. We grant the motion for rehearing, withdraw our

Chockalingam S. Palaniappan filed a suit for judicial review in district court, pursuant to Tax Code Chapter 42, challenging the Harris County Appraisal District's (HCAD) appraised value of his property for the 2008 tax year. HCAD moved to dismiss for lack of subject-matter jurisdiction alleging that Palaniappan had failed to comply with Tax Code section 42.08. The trial court granted the motion and dismissed Palaniappan's suit. In eight issues, Palaniappan argues that the trial court erred by granting HCAD's motion to dismiss and denying his motion for substantial compliance. We affirm the trial court's judgment.

## Background

Palaniappan owns real property in Houston, Harris County, Texas that HCAD appraised at $960,401 in 2008. Based on this appraised value, Palaniappan owed approximately $13,000 in ad valorem taxes on the property for tax year 2008. Palaniappan protested the appraisal value to HCAD's Appraisal Review Board (ARB). After the ARB denied Palaniappan's protest, Palaniappan filed suit against HCAD in district court on October 16, 2008.

In his petition, Palaniappan stated, "Pursuant to Section 42.08, Plaintiff intends on timely paying all taxes due on the property, or the taxes due on the undisputed portion of the value of the property, or, if unable to timely pay the lesser of these amounts, Plaintiff requests relief from the Court." Palaniappan's

December 13, 2012 opinion and judgment, and issue this opinion and its corresponding judgment in their place.

2

2008 taxes were due before February 1, 2009. On January 23, 2009, Palaniappan paid $1,800 in property taxes. Palaniappan continued to make periodic payments after the February 1, 2009 delinquency date and, by June 30, 2009, Palaniappan had paid off the entire balance due for tax year 2008.

Prior to trial on Palaniappan's suit for judicial review in 2011, HCAD moved to dismiss the suit for lack of subject-matter jurisdiction based on Palaniappan's noncompliance with section 42.08. In particular, HCAD alleged that Palaniappan had failed to fully or substantially comply with Tax Code subsection 42.08(b)'s prepayment tax provision, which requires "a property owner who appeals . . . [to] pay taxes . . . in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal." TEX. TAX CODE ANN. § 42.08(b) (West Supp. 2013).

Palaniappan responded that he complied with subsection 42.08(b)'s prepayment requirement because he paid "an undisputed amount" of the taxes due prior to the delinquency date. *Id.* § 42.08(b)(1) (allowing property owner to pay "the amount of taxes due on the portion of the taxable value of the property that is not in dispute"). Palaniappan also argued that he was excused from the prepayment requirement by section 42.08(d), which allows a property owner to "be excused from the requirement of prepayment of tax as a prerequisite to appeal if

3

the court . . . finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts." *Id.* § 42.08(d).

In support of this contention, Palaniappan filed an oath of inability to pay and a motion to determine substantial compliance pursuant to section 42.08(d). In his oath of inability to pay, Palaniappan stated:

> The ad valorem taxes for the property were due before February 1, 2009. The ad valorem taxes for the property were not paid prior to February 1, 2009 because as of January 31, 2009, the due date, I was financially unable to pay those taxes in full. I had paid an undisputed portion of the taxes to the Harris County tax office on January 23, 2009. I paid the remainder of the taxes due on the property as the funds came available to do so. The tax payments were paid from my personal bank account and the bank account of another business entity I own, Intec of Houston Metro Partnership ("Intec"). These accounts are the same accounts that are used by the business operating at the property that is subject of this suit. As of June 30, 2009, the property taxes for the tax year 2008 were paid in full. See the cancelled checks and bank account records evidencing the inability to pay the entire amount of taxes attached as an exhibit to this affidavit.

In response, HCAD filed an amended motion to dismiss, and attached certified copies of tax records showing that, as of January 29, 2009, Palaniappan paid $1,800 towards his 2007 and 2008 tax bills.

On March 31, 2011, the trial court held an evidentiary hearing on Palaniappan's oath of inability to pay and HCAD's motion to dismiss. At the hearing, Palaniappan testified that he paid $1,800 in property taxes a little over a week before the 2008 taxes became delinquent. When the trial court inquired

4

about the total amount of taxes due for the 2008 tax year, Palaniappan's attorney stated that the total amount of ad valorem taxes due on the property was approximately $13,000, based on HCAD's appraisal value of $960,401.

When his counsel asked if he could "afford financially to pay any more than $1,800 for taxes" as of January 31, 2009, Palaniappan responded, "No, I couldn't"; he also attached financial records to his oath of inability to pay. Palaniappan testified that paying any more than $1,800 prior to the delinquency date would have created a financial hardship for him and his business and he probably would have had to lay off employees as a result. According to Palaniappan, he paid the full balance due on his 2008 taxes by June 30, 2009.

When Palaniappan's counsel asked him if he paid "an undisputed amount of taxes" for the 2008 tax year prior to the delinquency date, Palaniappan responded, "Yes." At that point, the trial court interceded, asking, "Wait. Explain that to me. What is the amount that you contend was undisputed?" Palaniappan's counsel replied, "Your Honor, any amount would arguably be undisputed that being paid." The trial court asked what Palaniappan's experts thought the property should have been appraised at for 2008 and Palaniappan's counsel informed the trial court that their experts appraised the 2008 value of the property at $610,703, and counsel estimated that the total amount of taxes due, based on that appraised value, was approximately $7,000. Palaniappan's counsel noted that their expert's report was

completed after the delinquency date. However, when the trial court asked, "But at this point anyway we know that the undisputed amount would be the amount that your experts contend was the appropriate appraised value?" Palaniappan's counsel responded, "Now, yes, Your Honor."

The trial court granted HCAD's motion and denied Palaniappan's section 42.08(d) motion for substantial compliance.[2] The trial court also entered the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff, Chockalingam S. Palaniappan, was the owner of the property made the subject of this lawsuit during the relevant time period of January 1, 2008, and said property was located in Harris County, Texas.

2. The property made the subject of this suit bears Harris County Appraisal District Account Number 0451630000114.

3. The delinquency date for the payment of ad valorem taxes for the property made the subject of this lawsuit is February 1, 2009.

4. Plaintiff did not file an oath of inability to pay ad valorem taxes prior to the delinquency date.

5. Plaintiff made payments for ad valorem taxes for tax year 2008 on January 23, 2009, June 22, 2009, and June 30, 2009.

---

[2] Palaniappan also named the ARB as a second defendant in the suit. Palaniappan's claims against the ARB, however, were not addressed in the dismissal order. After the Court notified the parties that the case was subject to involuntary dismissal due to, inter alia, the lack of a final judgment, s*ee* TEX. R. APP. P. 42.3, Palaniappan filed a motion for "partial nonsuit" as to the ARB in the trial court. The trial court signed an order on this motion on March 21, 2012, removing the ARB from the case and rendering a final judgment.

6. Plaintiff did not pay the undisputed amount of the ad valorem taxes due prior to the delinquency date.

7. No and/or insufficient, credible or relevant evidence was adduced by Plaintiff relating to financial hardship for the timely payment of ad valorem taxes.

CONCLUSIONS OF LAW

1. The Defendant, Harris County Appraisal District, is a political subdivision of the State of Texas which performs its functions pursuant to the Texas Property Tax Code.

2. The Plaintiff, Chockalingam S. Palaniappan, did not substantially comply with § 42.08 of the Texas Property Tax Code in its appeal of the Harris County Appraisal Review Board's order determining its 2008 protest.

3. The Plaintiff, Chockalingam S. Palaniappan is not excused from substantially complying with 42.08 of the Texas Property Tax Code by virtue of an inability to pay.

4. As a result, the Plaintiff has forfeited the right to proceed to a final determination of the appeal, and this Court is without subject-matter jurisdiction in this matter.

**Standard of Review**

Compliance with the prepayment requirements of section 42.08 is a jurisdictional prerequisite to the district court's subject-matter jurisdiction to determine a property owner's rights. *See U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ)). Whether a trial court has subject-matter jurisdiction over a case is a question of law and, therefore, we review de novo a

7

trial court's ruling on a motion to dismiss for lack of jurisdiction. *See Carter v. Harris Cnty. Appraisal Dist.*, 409 S.W.3d 26, 30 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (conducting de novo review of HCAD's motion to dismiss for lack of jurisdiction and property owner's motion for substantial compliance under section 42.08; applying standard of review applicable to pleas to jurisdiction); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (holding rulings on pleas to the jurisdiction are reviewed de novo). However, where, as here, an appellant challenges the trial court's jurisdiction-related findings of fact, we review these findings—both implicit and explicit—for legal and factual sufficiency. *See McDaniel v. Town of Double Oak*, No. 02-10-00452-CV, 2012 WL 662367, at *2 (Tex. App.—Fort Worth Mar. 1, 2012, pet. denied) (mem. op.); *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 700–01 (Tex. App.—Austin 2012, pet. denied) ("On appeal, [the trial court's jurisdiction-related findings of fact]—whether explicit or implicit—may be challenged for legal and factual sufficiency.").

We consider the legal sufficiency of the evidence in the light most favorable to the prevailing party, according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). All the evidence must be considered when reviewing a factual sufficiency complaint and the verdict should

be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

## Tax Code Section 42.08

Chapter 42 of the Tax Code governs judicial review of appraisal determinations made by the ARB. *See* TEX. TAX. CODE ANN. §§ 42.01–42.43 (West 2008 & Supp. 2013). Within that chapter, section 42.08(b) requires, in part, as follows:

> (b) Except as provided in Subsection (d), a property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is the lesser of:
>
> > (1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute; or
> >
> > (2) the amount of taxes due on the property under the order from which the appeal is taken.
>
> (b–1) This subsection applies only to an appeal in which the property owner elects to pay the amount of taxes described by Subsection (b)(1). The appeal filed by the property owner must be accompanied by a statement in writing of the amount of taxes the property owner proposes to pay.

*Id.* § 42.08(b), (b–1) (West Supp. 2013). Section 42.08(b)'s prepayment requirement serves two primary objectives: (1) to ensure that property owners do "not use the right of judicial review as a subterfuge for delaying or avoiding the

9

payment of at least some tax"; and (2) to "assure that the activities of the local governments which relied on ad valorem taxes would not be unduly impeded by granting the property owner the right of judicial review." *U. Lawrence Boze'*, 368 S.W.3d at 27 (quoting *Mo. Pac. R.R. Co. v. Dall. Cnty. Appraisal Dist.*, 732 S.W.2d 717, 721 (Tex. App.—Dallas 1987, no writ)); *J.C. Evans Constr. Co. v. Travis Cent. Appraisal Dist.*, 4 S.W.3d 447, 451 (Tex. App.—Austin 1999, no pet.).

Generally, with some exceptions not applicable here, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." TEX. TAX CODE ANN. § 31.02(a) (West 2008). Thus, the delinquency date for 2008 property taxes was February 1, 2009. *See id.* § 31.02(a).

Subsection 42.08(d) creates an exception to the prepayment requirement for property owners unable to pay the taxes at issue and it also allows a party to move for "a hearing to review and determine compliance" with section 42.08. *Id.* § 42.08(d). Subsection (d) states:

> After filing an oath of inability to pay the taxes at issue, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. On the motion of a party and

after the movant's compliance with Subsection (e),[3] the court shall hold a hearing to review and determine compliance with this section, and the reviewing court may set such terms and conditions on any grant of relief as may be reasonably required by the circumstances. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action.

*Id.*

As the party seeking dismissal for lack of subject-matter jurisdiction, HCAD had the burden to establish that Palaniappan did not substantially comply with the requirements of section 42.08. *See U. Lawrence Boze'*, 368 S.W.3d at 26; *J.C. Evans*, 4 S.W.3d at 449. "'Substantial compliance' means that one has performed the 'essential requirements' of a statute and it 'excuse[s] those deviations from the performance required by statute which do not seriously hinder the legislature's purpose in imposing the requirement.'" *U. Lawrence Boze'*, 368 S.W.3d at 27; *see also Dall. Cent. Appraisal Dist. v. 717 S. Good Latimer Ltd.*, No. 05-09-00779-CV, 2010 WL 1729343, at *2 (Tex. App.—Dallas Apr. 29, 2010, pet. denied) (mem. op.) ("Substantial compliance means one has performed the 'essential requirements' of a statute."). Whether a property owner has substantially complied with section 42.08 is a factual matter to be determined by the trial court on a case-by-case basis. *U. Lawrence Boze'*, 368 S.W.3d at 26; *J.C. Evans*, 4 S.W.3d at 449.

---

[3] Subsection (e) states "Not later than the 45th day before the date of a hearing to review and determine compliance with this section, the movant must mail notice of the hearing by certified mail, return receipt requested, to the collector for each taxing unit that imposes taxes on the property." TEX. TAX CODE ANN. § 42.08(e) (West Supp. 2013).

If there is no substantial compliance, the trial court must dismiss the suit. *See* TEX. TAX CODE ANN. § 42.08(d).

### Section 42.08(d) – Exception to Prepayment Requirement

In his first, second, third, fourth, and fifth issues and his seventh and eighth issues as they pertain to finding of fact number 7, and conclusions of law numbers 2 and 3, Palaniappan contends that he substantially complied with subsection 42.08(d) and was therefore excused from complying with section 42.08's prepayment requirement and he challenges the trial court's related fact findings and conclusions of law to the contrary. Specifically, Palaniappan contends that the trial court's (implicit and explicit) findings that he was able to pay the ad valorem taxes on the property at issue and that the prepayment requirement did not constitute an unreasonable restraint on his right to access to the courts were legally and factually insufficient, in light of his evidence to the contrary and HCAD's failure to produce evidence refuting his claims. Specifically, Palaniappan relies upon his oath of inability to pay, the financial records he attached to this oath, and his testimony at the hearing that he was unable to pay the full amount of the taxes due prior to the delinquency date, and that payment of the full amount would have created a financial hardship for him and his business.

## A.    Timeliness of Oath of Inability to Pay

HCAD argues that Palaniappan failed to substantially comply with section 42.08(d) because he did not submit his oath of inability to pay until February 2, 2011—two years after the delinquency date—and he did not timely notify the taxing units that he would not be able to pay the taxes before the delinquency date. Palaniappan counters that the fact that his oath of inability to pay was submitted after the delinquency date does not mean that he failed to substantially comply with section 42.08. *See Dall. Cent. Appraisal Dist.*, 2010 WL 1729343, at *2 (holding property owner who filed oath of inability to pay several months after delinquency date substantially complied with section 42.08(d); stating, "[Section 42.08] does not provide a deadline for filing an oath of inability to pay and we are not inclined to create one by judicial mandate.")

We note that HCAD raised this argument in another ad valorem tax appeal recently addressed by this Court. *See Carter*, 409 S.W.3d at 31. In *Carter*, this Court agreed with the Dallas Court of Appeals's reasoning in *Dallas Central Appraisal District*, and held that a taxpayer is not required to file the oath of inability to pay, or otherwise to notify the taxing authorities of his inability to pay, before the delinquency date in order to comply with subsection 42.08(d). *Carter*, 409 S.W.3d at 32–33. We held that the property owner's oath of inability to pay that was filed six months after the delinquency date was timely. *Id.* at 33–34.

13

Pursuant to *Carter*, we hold that Palaniappan's oath of inability to pay was also timely, and thus, HCAD failed to prove that Palaniappan failed to substantially comply with section 42.08 by filing an untimely oath of inability to pay. *See id.*

**B.      Evidence Demonstrating Inability to Pay**

Having determined that Palaniappan's oath of inability to pay was timely, we now consider whether Palaniappan's evidence adequately established his inability to pay the full amount of taxes before February 1, 2009. *See id.* at 35–36 (holding that, based on oath of inability to pay and related financial documents, property owner demonstrated by preponderance of evidence that he was financially unable to pay his property taxes in full by delinquency date and reversing trial court's grant of HCAD's motion to dismiss for failure to comply with section 42.08).

Here, Palaniappan argues that he filed a valid oath of inability to pay accompanied by properly authenticated financial records that reflected his inability to pay. He further contends that his testimony at the hearing and the financial records submitted along with the oath indicated that he was financially unable to make the full tax payment prior to the delinquency date. Therefore, Palaniappan argues, he clearly demonstrated his inability to pay and the trial court erred in finding that there was no evidence, or insufficient evidence, of financial hardship

and concluding that he was not excused from the prepayment requirement by virtue of an inability to pay (finding of fact number 7).

In *Carter*, the property owner testified that "the ad valorem taxes for the property were not paid prior to [the delinquency date] because as of [the day before the delinquency date], [he] was financially unable to pay those taxes in full" and that he was able to pay the taxes after the due date only by obtaining a loan. *See id.* at 36. Carter also attached banking records to his oath of inability to pay that reflected that, at most, he only had a little over $1,300 cash on hand the month before his taxes became delinquent. *See id.* Based on the appraised value of the property, Carter owed over $54,000 in property taxes. *See id.* After noting that there was nothing in the evidence "calling into question the veracity of Carter's testimony regarding his inability to pay the taxes," and that there was no evidence refuting Carter's testimony that he had to resort to obtaining an interest-bearing loan to pay the taxes, this Court concluded that "Carter demonstrated by a preponderance of the evidence that he was financially unable to pay the taxes [prior to the delinquency date]." *Id.* We further stated that, "[b]ecause he made this showing, requiring Carter to prepay the taxes as a prerequisite to judicial review constitutes an unreasonable restraint on his right of access to the courts." *Id.*

Here, Palaniappan averred in his oath of inability to pay, that "[t]he ad valorem taxes for the property were not paid prior to February 1, 2009 because as of January 31, 2009, the due date, I was financially unable to pay those taxes in full." He further stated that he paid "an undisputed portion of the taxes" on January 23, 2009, and that he "paid the remainder of the taxes due on the property as the funds came available to do so." According to Palaniappan, the "tax payments were paid from my personal bank account and the bank account of another business entity I own . . . [and t]hese accounts are the same accounts that are used by the business operating at the property that is subject of this suit." Palaniappan attached bank records and cancelled checks to his oath in support of his motion for determination of substantial compliance, which he testified demonstrated his inability to pay the entire amount of taxes prior to the delinquency date. Specifically, Palaniappan testified at the hearing:

> *Q (Palaniappan's Counsel).* As of January 31, 2009, could you afford financially to pay any more than $1,800 for taxes?
>
> *A (Palaniappan).* No, I couldn't.
>
> *Q.* Are there some financial records attached to your affidavit which has been attached to the motion in this case which indicates such?
>
> *A.* Yes, there is.

16

Palaniappan also testified at the hearing that paying the full amount of taxes owed prior to the delinquency date would have created a financial hardship for him and his business and he probably would have had to lay off employees as a result.

However, as HCAD points out, the bank records Palaniappan submitted show that he had over $23,000 cash on hand as of January 31, 2009. This amount is approximately $10,000 more than Palaniappan owed in property taxes as of January 31, 2009 (based on HCAD's appraised value). Thus, unlike in *Carter*, there is evidence here calling into question the veracity of the property owner's testimony regarding his inability to pay the taxes prior to the delinquency date. In light of this evidence, we conclude that Palaniappan failed to demonstrate by a preponderance of the evidence that he was financially unable to pay the taxes on the due date. *See Carter*, 409 S.W.3d at 36. Accordingly the trial court did not err in concluding that Palaniappan (1) did not substantially comply with section 42.08 (conclusion of law number 2) and (2) is not excused from substantially complying with section 42.08 by virtue of an inability to pay (conclusion of law number 3).

Accordingly, we overrule Palaniappan's first, second, third, fourth, and fifth issues, and his eighth issue as it pertains to conclusions of law numbers 2 and 3.

## C. Finding of Fact Number 7

Fact finding number 7 states: "No and/or insufficient, credible or relevant evidence was adduced by Plaintiff relating to financial hardship for the timely

17

payment of ad valorem taxes." According to Palaniappan, the trial court's finding that there was no or insufficient evidence of financial hardship is contrary to the evidence, namely, his oath of inability to pay and the financial records he submitted in support. As previously discussed, the bank records and canceled checks Palaniappan submitted demonstrate that he had over $23,000 cash on hand as of January 31, 2009. Although Palaniappan testified that he was financially unable to pay the taxes in full prior to the delinquency date, the trial court apparently did not find Palaniappan's testimony on this issue to be credible. *See City of Keller*, 168 S.W.3d at 819 (stating fact-finder is sole judge of witnesses' credibility and weight given to their testimony). Considering the evidence in the light most favorable to the prevailing party (HCAD), according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not, we conclude that there was legally sufficient evidence to support the trial court's finding that there was no or insufficient evidence supporting Palaniappan's claim of financial hardship (i.e., inability to pay). *See City of Keller*, 168 S.W.3d at 827. In light of Palaniappan's bank records, which demonstrate that he had over $23,000 cash on hand as of January 31, 2009, we also conclude that the trial court's finding that there was "[n]o and/or insufficient, credible or relevant evidence. . . relating to financial hardship" is also factually sufficient because this finding is not so contrary to the overwhelming

weight of the evidence as to be clearly wrong and unjust.  *See Cain*, 709 S.W.2d at 176.

We overrule Palaniappan's seventh issue as it pertains to finding of fact number 7.

## Tax Code Section 42.08 is Jurisdictional

In his sixth issue, Palaniappan argues that the trial court erred in granting HCAD's plea to the jurisdiction because "the matter should NOT have been considered on a plea to the jurisdiction.  Notwithstanding the arguments made thus far, a plea to the jurisdiction is not the correct procedural method for a dismissal based upon a failure to meet the requirements of § 42.08 of the Tax Code."[4]

Palaniappan's argument, however, ignores the fact that this court and others have consistently held that compliance with section 42.08 *is* jurisdictional.  *See Carter*, 409 S.W.3d at 30 (citing *U. Lawrence Boze'*, 368 S.W.3d at 23); *Gen. Motors Acceptance Corp. v. Harris Cnty. Mun. Util. Dist. # 130*, 899 S.W.2d 821, 823, 824 n.3 (Tex. App.—Houston [14th Dist.] 1995, no writ) (affirming trial court's grant of taxing authority's motion to dismiss on grounds that property owner forfeited right to appeal by failing to comply with section 42.08's pre-payment requirement; noting that filing plea to jurisdiction "might be a better

---

[4]    Palaniappan also argues that the trial court erred by granting the plea because he produced evidence at the hearing demonstrating that he was excused from section 42.08(b)'s prepayment requirement pursuant to subsection (d).  This argument is addressed elsewhere in the court's opinion.

practice"); *Lawler v. Tarrant Appraisal Dist.*, 855 S.W.2d 269, 271 (Tex. App.—Fort Worth 1993, no writ) (stating compliance with prepayment requirements of section 42.08 "is a jurisdictional prerequisite to [the] district court's subject matter jurisdiction to determine property owner's rights"); *see also Eggert v. Comanche Cent. Appraisal Dist.*, No. 11-05-00416-CV, 2007 WL 3026716, at *3 (Tex. App.—Eastland Oct. 18, 2007, no pet.) (per curiam) (mem. op.) (holding property owner did not substantially comply with section 42.08 provisions because she paid no taxes before delinquency date; accordingly, trial court did not err in dismissing appeal for lack of jurisdiction).

We overrule Palaniappan's sixth issue.

**Additional Findings of Fact and Conclusions of Law**

In his seventh and eighth issues, Palaniappan argues that there is no evidence, or insufficient evidence, to support findings of fact numbers 4, 6, and 7 and that conclusions of law numbers 2, 3, and 4 are erroneous because there are no findings of fact regarding "substantial compliance" with section 42.08.

Palaniappan's challenges to finding of fact number 7 (i.e., no or insufficient evidence of financial hardship) and conclusions of law numbers 2 and 3 (i.e., that Palaniappan did not substantially comply with section 42.08 and that he is not excused from substantially complying with section 42.08 by virtue of an inability to pay) have been addressed elsewhere in the opinion.

20

## A.      Finding of Fact Number 4

Palaniappan contends that the trial court's finding of fact number 4, which states that he "did not file an oath of inability to pay ad valorem taxes prior to the delinquency date," is improper and misleading because it is immaterial as to when an oath of inability to pay is filed.  Although as previously discussed, Palaniappan is correct—a property owner may file an oath of inability to pay after the delinquency date and still substantially comply with section 42.08—the court's finding on this issue is immaterial to the ultimate resolution of the case and immaterial fact findings are harmless and not grounds for reversal.  *See Cooke Cnty. Tax Appraisal Dist. v. Teel*, 129 S.W.3d 724, 731 (Tex. App.—Fort Worth 2004, no pet.); *Able v. Able*, 725 S.W.2d 778, 780 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

## B.      Finding of Fact Number 6

Palaniappan also contends that the trial court's finding of fact number 6, which states that he "did not pay the undisputed amount of the ad valorem taxes due prior to the delinquency date," is contrary to the evidence because he testified at the hearing that he paid "an undisputed amount of taxes" on January 23, 2009. First, paying "an undisputed amount of taxes" is not the same as paying "the amount of taxes due on the portion of the taxable value of the property that is not in dispute."   TEX. TAX CODE ANN. § 42.08(b)(1).   During the hearing,

21

Palaniappan's counsel informed the trial court that Palaniappan's own experts appraised the 2008 value of the property at $610,703, and counsel estimated that the total amount of taxes due, based on that appraised value, was approximately $7,000. Thus, the record establishes that the "taxable value of the property that is not in dispute" is $610,703; the record also reflects that Palaniappan did not pay the amount of taxes due based on that appraised value (approximately $7,000). Considering the evidence in the light most favorable to the prevailing party (HCAD), according every reasonable inference in that party's favor and disregarding contrary evidence unless a reasonable fact-finder could not, we conclude that there was legally sufficient evidence to support the trial court's finding that Palaniappan did not pay the undisputed amount of the ad valorem taxes due prior to the delinquency date. *See City of Keller*, 168 S.W.3d at 827. In light of Palaniappan's testimony that he paid only $1,800 in property taxes prior to the delinquency date, even though he owed approximately $7,000 in taxes based upon his experts' appraisal value of the property, we also conclude that the trial court's finding on this issue is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust, and therefore, the finding is supported by factually sufficient evidence. *See Cain*, 709 S.W.2d at 176.

Second, even if the trial court erred in finding that Palaniappan "did not pay the undisputed amount of the ad valorem taxes due prior to the delinquency date,"

22

the court's finding on this issue is immaterial to the ultimate resolution of the case because Palaniappan did not elect to pay the undisputed portion of his property taxes pursuant to subsection 42.08(b)(1).

Specifically, subsection 42.08(b)(1) allows a property owner to comply with the prepayment requirement by paying "the amount of taxes due on the portion of the taxable value of the property that is not in dispute" prior to the delinquency date. TEX. TAX CODE ANN. § 42.08(b)(1). This subsection, however, only applies when the property owner "elects to pay the amount of taxes described by Subsection (b)(1)" and the property owner's suit for judicial review is "accompanied by a statement in writing of the amount of taxes the property owner proposes to pay" before the delinquency date, as allowed by subsection 42.08(b)(1). TEX. TAX CODE ANN. § 42.08(b), (b–1); *Carter*, 409 S.W.3d at 34. If he does not make the election, the property owner is required to pay the full amount of taxes unless he is excused from the prepayment requirement by virtue of his inability to pay, pursuant to subsection 42.08(d). *See* TEX. TAX CODE ANN. § 42.08(b), (b–1), (d); *Carter*, 409 S.W.3d at 34. If the property owner fails to pay the full amount of taxes prior to the delinquency date and he is not excused from compliance pursuant to subsection 42.08(d), the property owner forfeits his right to judicial review. *See* TEX. TAX CODE ANN. § 42.08(b), (d); *Carter*, 409 S.W.3d at 34.

The record reflects that Palanappian did not elect to pay "the amount of taxes due on the portion of the taxable value of the property that is not in dispute." Instead, Palanappian stated in his petition that he would pay the full amount, the undisputed amount, or he would seek relief from the court. He also did not indicate the amount of taxes that he proposed to pay pursuant to subsection (b)(1), as required by subsection 42.08(b-1). *See* TEX. TAX CODE ANN. § 42.08(b–1). Accordingly, unless Palaniappan was excused from complying with the prepayment requirement by virtue of his inability to pay, Palaniappan was required to pay the full amount of taxes before the delinquency date in order to avoid forfeiting his right to judicial review. *See id.* § 42.08(b), (b–1), (d); *Carter*, 409 S.W.3d at 34. Because Palaniappan did not elect to pay the undisputed amount or state the amount he intended to pay in his petition as required by subsection 42.08(b-1), his partial tax payment before the delinquency date was insufficient to satisfy the requirements of subsection 42.08(b). Thus, even if the trial court erred in finding that Palaniappan "did not pay the undisputed amount of the ad valorem taxes due prior to the delinquency date," the court's finding on this issue is immaterial to the ultimate resolution of the case, and any associated error is harmless. *See Cooke Cnty. Tax Appraisal Dist.*, 129 S.W.3d at 731; *Able*, 725 S.W.2d at 780.

24

## C. Conclusion of Law Number 4

With regard to conclusion of law number 4, Palaniappan argues that the court erred in concluding that it did not have subject-matter jurisdiction because HCAD's argument that he failed to meet the requirements of section 42.08 was not jurisdictional in nature. As previously discussed in response to Palaniappan's sixth issue, compliance with section 42.08 *is* jurisdictional. *See Carter*, 409 S.W.3d at 30.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Bland, and Sharp.