**Affirmed and Memorandum Opinion filed September 16, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-19-00489-CV

**BABATUNDE AOGO, Appellant**

**V.**

**NIHINLOLA OLANREWAJU, Appellee**

**On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Cause No. 17-DCV-244478**

## MEMORANDUM OPINION

Pro se appellant Babatunde Aogo (Husband) appeals the trial court's final decree of divorce dissolving his marriage to appellee Nihinlola Olanrewaju (Wife). In four issues identified in his notice of appeal on a partial reporter's record, Husband argues the trial court reversibly erred by (1) ordering Husband to pay the school fees of the couple's children, (2) awarding Wife $38,000 from Husband's 401(k) account, (3) ordering Husband to pay tax debt incurred during the marriage, and (4) ordering Husband to pay child support. We affirm.

# I. ANALYSIS

Husband filed this appeal on a partial reporter's record. Texas Rule of Appellate Procedure 34.6(c)(1) states, "If the appellant requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." Tex. R. App. P. 34.6(c)(1). While complete omission of issues under Rule 34.6(c) is fatal to those issues, the supreme court has "adopted a more flexible approach in certain cases . . . when a rigid application of Rule 34.6 would result in denying review on the merits, even though the appellee has not established any prejudice from a slight relaxation of the rule." *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002).[1]

Husband stated the following in his notice of appeal:

3. Babatunde Aogo desires to appeal part of the judgment.

a. IT IS ORDERED that the children shall be enrolled and remain at the Redeemers Academy located at 5371 E. 5th street, Katy, Texas 77493, or any daycare chosen by [Wife], until they are enrolled in a school program of the school to which [Wife]'s residence is zoned to.

b. IT IS FURTHER ORDERED that [Husband] shall pay for the children's school fees and expenses at Redeemers Academy, including all payments required for summer school and / or daycare.

c. IT IS ORDERED AND DECREE[D] that [Wife] is awarded the sum of $38,000, in favor of [Wife] against [Husband]'s 401 (k), secured by payment through a Qualified Domestic Relations Order (QDRO).

d. IT IS ORDERED AND DECREE[D] The IRS tax debt of the parties for tax [years 2015, 2016, 2017, 2018, and 2019], together with all penalties and interest due thereon, which [Husband] is ordered to timely pay. Husband is further ordered to indemnify Wife

---

[1] Wife does not argue prejudice stemming from noncompliance by Husband with Rule 34.6(c).

> for any liability she incurs as a result of the tax debts[.]
>
> 4. [sic] IT IS ORDER[ED] that Husband is obligated to pay and shall pay to [Wife] child support of seven hundred and eight dollars and zero cents ($708.00) per month[.]

While this language from the notice of appeal is not styled precisely as "points or issues," following the supreme court's guidance in *Bennett*, we conclude it is sufficient in this case to preserve issues that the trial court reversibly erred by (1) ordering Husband to pay the school fees of the couple's children, (2) awarding Wife $38,000 from Husband's 401(k) account, (3) ordering Husband to pay tax debt incurred by the parties during the marriage and indemnify Wife for same, and (4) ordering Husband to pay $708.00 per month in child support. *See id.*

Husband raises numerous other issues in his brief, at different times identifying between six and 26 issues on appeal. To the extent Husband's complaints fall outside the four issues we have identified above, we conclude they are barred due to noncompliance with Rule 34.6(c). Tex. R. App. P. 34.6(c)(1) (appeal on partial reporter's record is "limited to those points or issues" included in statement of points or issues on appeal); *see Bennett*, 96 S.W.3d at 230 (observing that, absent complete record on appeal and compliance with Rule 34.6(c), court of appeals must presume that omitted items support trial court's judgment); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (same); *see also Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (applying *Bennett* and overruling issues not raised in Rule 34.6(c) statement of issues); *cf. Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014) (explaining that courts may not stray from procedural rules simply because litigant represented self).

## A. School fees

On the issue of school fees, Husband states that he "was also ordered to pay

3

the children['s] daycare with the addition to already ordered child support." Husband then cites to the relevant portion of the trial court's decree. Husband does not explain what, if any, reversible error the trial court committed by ordering Husband to pay these fees. We conclude this issue presents nothing for our review. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (issues on appeal do not meet requirements of Texas Rules of Appellate Procedure if they do not point out any error allegedly committed by trial court).

We overrule Husband's issue challenging payment of school fees.

**B. 401(k)**

Husband next argues the trial court reversibly erred by awarding Wife $38,000 in community property from Husband's 401(k) account, arguing that the trial court applied the wrong standard in calculating the community interest in the account and that the amount of the award was more than the value of the community interest. Husband's 401(k) is a defined-contribution plan.[2] *See Boyd v. Boyd*, 67 S.W.3d 398, 409 (Tex. App.—Fort Worth 2002, no pet.). "[I]n order to determine the community interest in a defined contribution plan, courts subtract the value of the plan at the time of marriage from the value of the plan at the time of divorce." *Smith v. Smith*, 22 S.W.3d 140, 149 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Here, account statements show the value of the 401(k) account on the date of

---

[2] A defined-contribution plan, in which a participant "has a separate account similar to a savings account into which the employee and employer make contributions," is distinguishable from a defined-benefit plan, which "promises employees a monthly benefit beginning at retirement . . . based on the number of years of service the employee has at the time of retirement, along with other factors such as age and salary history." *Smith v. Smith*, 22 S.W.3d 140, 148–49 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

the marriage was $24,617.57. The latest statement in the record, from approximately one month before the trial court rendered the divorce decree, shows a value of $99,478.25. *Cf. Quijano v. Quijano*, 347 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The value of community assets is generally determined as of the date of divorce or as close to that date as possible."). Applying the *Smith* formula results in a community interest in the 401(k) account of $74,860.68. *See* 22 S.W.3d at 149. This clearly exceeds the $38,000 from the 401(k) awarded to Wife.[3]

We overrule Husband's challenge to the trial court's award to Wife of $38,000 from Husband's 401(k) account.

## C. IRS tax debt

Husband next argues the trial court reversibly erred by ordering Husband to pay the "IRS tax debt" of the parties incurred during the marriage and to indemnify

---

[3] In his reply brief, Husband argues the trial court was required to apply Family Code section 3.007(c), which states, "The separate property interest of a spouse in a defined contribution retirement plan may be traced using the tracing and characterization principles that apply to a nonretirement asset." Tex. Fam. Code Ann. § 3.007(c). First, the use of "may" indicates that this is not the exclusive means of apportioning separate and community interests in a defined contribution account. *See* Code Construction Act, Tex. Gov't Code Ann. § 311.016(1) ("'May' creates discretionary authority or grants permission or a power."). Moreover, in Texas, property possessed by either spouse during or on dissolution of the marriage is presumed to be community property absent clear and convincing evidence to the contrary. Tex. Fam. Code Ann. § 3.003. The spouse claiming certain property as separate must trace and clearly identify the property claimed to be separate. *Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Here, while the account statement at the time of marriage lists specific shares in the account, no such listing is provided in the statement near the time of divorce. Accordingly, even if Husband had raised this argument in his initial brief, Husband has not met his burden to clearly trace his separate shares in the 401(k) account to show by clear and convincing evidence that the *Smith* formula results in a miscalculation of the community interest in the 401(k) account. *See* 22 S.W.3d at 149; *see also Metropolitan Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 495 n.13 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("Arguments raised for the first time in a reply brief are waived."); Tex. R. App. P. 38.3 ("The appellant may file a reply brief addressing any matter in the appellee's brief.").

Wife for same, contending that the trial court does not have jurisdiction to make a determination as to IRS debt. "While a tax is technically not a debt and a court has no power to relieve either party of personal liability to the taxing authority, in dividing property between spouses a court may take the tax liability into consideration and may even require one party to assume the other's liability or require reimbursement for taxes paid." *Able v. Able*, 725 S.W.2d 778, 780 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); *see Mullins v. Mullins*, 785 S.W.2d 5, 7–8 (Tex. App.—Fort Worth 1990, no writ) ("[T]his is particularly true when both parties are liable for the debt under federal law."). We conclude the trial court acted within its authority in ordering Husband to pay the debt from, and indemnify Wife for, federal tax liability incurred during the marriage.

We overrule Husband's challenge to the trial court's order concerning payment of tax liability.

## D.  Child support

The trial court ordered Husband to make monthly child-support payments of $708.00. Apparently conceding the amount of child support was agreed,[4] Husband argues that Wife's attorney made misrepresentations in crafting the agreement and that the agreed child support exceeded that required by law and necessary to address the needs of the children. These arguments identify no error by the trial court and present nothing for our review. *See Canton-Carter*, 271 S.W.3d at 931; *cf.* Tex. Fam. Code Ann. § 154.124(a) (agreed child support may deviate from child-support guidelines in Family Code). Husband further argues the agreed child support is not in the best interest of the children. Husband, however, does not

---

[4] While there are references in the record to a Rule 11 agreement as to the amount of child support that was read into the record, no such agreement is in the partial record before us. Regardless, Husband has not raised arguments that would allow us to reverse the trial court's child-support award, as explained further herein.

explain why this is so, and provides us no basis for concluding that the trial court abused its discretion by finding that the award of $708.00 per month, and not a reduced amount of child support, was in the best interest of the children. *See Canton-Carter*, 271 S.W.3d at 931; *cf. Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (trial court has "wide latitude" in determining child's best interest).

We overrule Husband's issue challenging the amount of child support.

## II.    CONCLUSION

We affirm the trial court's decree as challenged on appeal.[5]

/s/     Charles A. Spain
        Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.

---

[5] Wife also filed a motion to dismiss this appeal, arguing that Husband's issues on appeal were moot or meritless. As to mootness, while Wife argued that Husband's issue regarding school fees was moot because the children had been withdrawn from the institution in question, she based her argument on documents attached to her motion, which this court cannot consider. *See WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (appellate court "cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed"). To the extent Wife argues that Husband's issues are meritless, we do not reach these arguments, having addressed and disposed of Husband's issues in this opinion. Accordingly, we dismiss Wife's motion as moot.