# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00287-CV

**Lawrence Allen, Appellant**

**v.**

**Claire L. Allen, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT**
**NO. 2014-0804-F425, HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This appeal concerns the interpretation of a divorce decree providing Claire L. Allen with one-third of "an amount equal to [Lawrence Allen's] U.S. Army Retirement Pay" as spousal maintenance.[1] At issue is whether Claire is entitled to spousal maintenance based on Lawrence's retirement pay amount when Lawrence has waived the retirement pay to receive disability benefits. After a bench trial, the trial court rendered final judgment in Claire's favor. We agree and affirm.

## BACKGROUND

The relevant facts are undisputed and taken from the evidence admitted at trial.[2] In 1982, Lawrence retired from the United States Army and started receiving military retirement

---

[1] Because both parties have the same last name, we refer to them by their first names.

[2] Lawrence's counsel explained at trial that "[t]he facts are not really in dispute, and this is not a fact case. This is going to be a law case."

benefits. In 1984, Lawrence and Claire were divorced by Decree of Dissolution of Marriage (Divorce Decree) in the superior court of Whatcom County, Washington (Washington Court). At issue in this appeal is the following Divorce Decree provision:

> By way of child support and spousal maintenance Lawrence H. Allen shall pay through the registry of the Superior Court for Whatcom County for the benefit of Claire L. Allen on the first day of each calendar month an amount equal to his U.S. Army retirement pay (presently $1,240 per month, subject to periodic cost of living increases). Of such amount one-third of the total payment shall be deemed spousal maintenance and such payment shall continue so long as both parties survive; two-thirds of such monthly payment shall be deemed child support for the parties['] three minor children.

Before September 2013, Lawrence paid Claire spousal maintenance by way of garnishment through the Defense Finance and Accounting Service (DFAS), which administers military retirement pay. However, in 2013, Lawrence waived his retirement payment to receive Combat-Related Special Compensation (CRSC) and Veterans Affairs disability (collectively, Disability Benefits), *see* 10 U.S.C. § 1413a(b); 38 U.S.C. §§ 5304(a)(1), 5305, and then stopped paying spousal maintenance. Nevertheless, Lawrence continued receiving monthly Retiree Account Statements and CRSC pay statements from the DFAS that showed the amount of retirement pay Lawrence was waiving.[3]

Claire filed a petition to enforce the Divorce Decree under the Uniform Enforcement of Foreign Judgments Act. *See* Tex. Civ. Prac. & Rem. Code §§ 35.001–.008. Following

---

[3] The Retiree Account Statements showed the "gross pay" amount minus the "VA waiver" amount, resulting in no "net pay"; the CRSC Pay statement showed the "Retired Pay Before Deductions" amount and the "Retired Pay Offset By DVA [Department of Veterans Affairs] Compensation" amount, resulting in no "CRSC Debt Balance."

proceedings on competing summary judgment motions and an appeal to this Court,[4] the trial court conducted a bench trial on December 12, 2017, at which both parties testified. After the trial, the court rendered final judgment in Claire's favor, awarded Claire attorney's fees, and entered findings of fact and conclusions of law. As relevant here, the court found and concluded that:

- "The clear and unambiguous terms of the Divorce Decree require Lawrence to make a monthly payment of spousal maintenance to Claire in an amount equal to one-third of his Army Retirement Pay plus cost-of-living adjustments";

- Lawrence's monthly payment to Claire under the Divorce Decree is spousal maintenance and "Claire was not awarded any portion of Lawrence's military retirement as property";

- federal law distinguishes between property and spousal maintenance;

- although federal law prohibits states from treating retired pay as community property, it does not prohibit taking account of amounts waived for disability in calculating spousal support;

- Lawrence's monthly pay statements "show the amount of retired pay awarded to Lawrence each month and the amount waived for V.A. Disability each month";

- Claire received partial spousal maintenance payments from September 2013 through March 2014 totaling $226.22 and no spousal payments since March 2014;

- "Lawrence owes Claire a total spousal support arrearage as of December 12, 2017 of $41,575.18, which should be awarded as a judgment against Lawrence in favor of Claire"; and

- "Claire incurred reasonable and necessary attorney's fees of $11,600[.]"[5]

---

[4] We affirmed the trial court's denial of Claire's motion, reversed the grant of Lawrence's motion on no evidence grounds, and remanded for further proceedings without reaching the merits of the parties' arguments. *Allen v. Allen*, No. 03-16-00314-CV, 2017 WL 2224529, at *4 (Tex. App.—Austin May 17, 2017, no pet.) (mem. op.).

[5] The trial court also concluded that the Divorce Decree is entitled to full faith and credit and qualifies as a "support order," which requires the application of Washington law to calculate spousal maintenance arrearages. *See* Tex. Fam. Code §§ 159.001, .604(a), (c). However, the trial court found that "[n]either party supplied the court with necessary information to take judicial notice of

Lawrence now appeals the trial court's judgment.

## STANDARD OF REVIEW

A foreign divorce decree becomes a final, enforceable Texas judgment entitled to full faith and credit when properly filed in Texas court. *Dalton v. Dalton*, 551 S.W.3d 126, 135 (Tex. 2018) (citing Tex. Civ. Prac. & Rem. Code §§ 35.001, .003(a)). In construing a divorce decree, we interpret the language as we do other judgments of courts. *Hagen v. Hagen*, 282 S.W.3d 899, 901 (Tex. 2009). If the language is unambiguous, we adhere to the literal language used; if ambiguous, we interpret the decree in light of the record and the decree as a whole. *Id.*

A trial court's ruling enforcing a divorce decree is reviewed under an overarching abuse of discretion standard. *Foreman v. Foreman*, No. 03-13-00245-CV, 2014 WL 711249, at *3 (Tex. App.—Austin Feb. 19, 2014, no pet.) (mem. op.) (citing *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd); *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.)). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). However, to the extent the trial court's ruling rests on questions of law, we review

---

Washington law" and concluded that Washington law is presumed to be the same as Texas's for purposes of this analysis, citing *Boyes v. Morris Polich & Purdy, LLP*, 169 S.W.3d 448, 456 (Tex. App.—El Paso 2005, no pet.) ("When a party does not provide a court with proof of laws of another state by judicial notice or otherwise, then the laws are presumed to be the same as that of Texas."). In their briefing before this Court, the parties have not cited Washington law nor do they contest the finding of fact regarding judicial notice of Washington law or the presumption that Washington law is the same as Texas law for purposes of this analysis.

those determinations de novo. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (observing that trial court has no "discretion" to misinterpret or misapply law).

## DISCUSSION

The parties do not dispute that the Divorce Decree is a valid foreign judgment entitled to full faith and credit under Texas law that awarded spousal maintenance to Claire but did not award a share of Lawrence's military retirement as an award of property. Nor do the parties dispute the trial court's calculations in determining the $41,575.18 amount owed in spousal maintenance arrearages if Lawrence is unsuccessful on appeal. Lawrence instead raises the following three issues on appeal. First, he argues that no evidence supports the trial court's findings regarding his spousal maintenance arrearages because his Disability Benefits are not "retirement pay" under federal law and that to use the Disability Benefits as the basis for calculating the spousal maintenance amount is contrary to and preempted by federal law. Second, he asserts that the Divorce Decree unambiguously provides that "Claire is to receive her spousal maintenance based upon a percentage of the Army Retirement Pay Lawrence receives" and that the trial court failed to give full faith and credit to the unambiguous language of the Divorce Decree. Third, he agrees that attorney's fees should be awarded to Claire if she prevails, *see* Tex. Fam. Code § 159.313, but argues that there is no basis for an award of attorney's fees or interest because she should not prevail on the first two issues. Because Lawrence's second issue concerns the actual language of the Divorce Decree—an issue essential for determining his first issue regarding federal law—we turn first to the language of the Divorce Decree and then to the question of federal law and attorney's fees.

5

**Language of the Divorce Decree**

The trial court entered a finding of fact that "[t]he clear and unambiguous terms of the Divorce Decree require Lawrence to make a monthly payment of spousal maintenance to Claire in an amount equal to one-third of his Army Retirement Pay plus cost-of-living adjustments." Lawrence argues first that the trial court has "rewrit[ten]" the Divorce Decree contrary to its unambiguous language because pursuant to *Hagen*, 282 S.W.3d at 899, "Claire is to receive her spousal maintenance based upon a percentage of the Army Retirement Pay Lawrence *receives*" (emphasis added); and second that "the trial court has calculated Lawrence's spousal support obligation based on his Veterans Administration disability payment and his Combat-Related Special Compensation—not on his U.S. Army retirement pay." We find both arguments unavailing.

First, the Divorce Decree does not require that Lawrence actually receive the specified retirement pay amount for it to serve as the basis for calculating the spousal maintenance amount. Instead, the Divorce Decree expressly states that Lawrence "shall pay . . . an amount equal to his U.S. Army Retirement Pay," and one-third of that payment "shall be deemed spousal maintenance." Lawrence's only argument is to cite *Hagen* and state: "To paraphrase, and rephrase, the *Hagen* court's statement: The Allens' 1984 divorce decree is unambiguous. It provides Claire is to receive her spousal maintenance based upon a percentage of the Army Retirement Pay Lawrence receives." But *Hagen* is inapposite to the Divorce Decree here because the *Hagen* divorce decree expressly addressed whether the retirement pay is calculated when received by awarding it as community property: "One-half of 18/20ths of all Army Retirement Pay or Military Retirement Pay, IF, AS AND WHEN RECEIVED." *Id.* at 901. The *Hagen* Court noted that "[t]he Hagens' decree plainly

6

entitled Doris only to part of the Army or military retirement pay Raoul received, if, as, and when he received it." *Id.* at 907. "[T]he language used in divorce decrees is important, and we must presume the divorce court chose it carefully," strictly adhering to the unambiguous language of the Divorce Decree. *See id.* at 901, 908. Here, there is no comparable language to the *Hagen* decree's language of "IF, AS AND WHEN RECEIVED"; instead, the Washington Court in the Divorce Decree chose not to limit the retirement pay to the amount actually received for purposes of calculating spousal maintenance.

Second, Lawrence's assertion that the trial court calculated the spousal maintenance arrearages based on the amount of Disability Benefits Lawrence received is incorrect. The trial court made a finding of fact that Lawrence's "monthly pay statements show the amount of retired pay awarded to Lawrence each month and the amount waived for V.A. Disability each month." In calculating the spousal maintenance arrearages, the trial court used the numbers for the amount of retired pay awarded to Lawrence each month that corresponded with the amounts listed on the monthly pay statements.[6] The record does not indicate that the trial court calculated the arrearages

---

[6] The trial court found that (1) "the last full spousal maintenance payment received by Claire in August 2013 was in the amount of $979.05" and applied that amount from September 2013 through November 2015, subtracting $226.22 for Lawrence's partial payments during that time period; (2) the amount of Lawrence's retirement pay for December 2015 was $3,065 and spousal maintenance was therefore $1,021.67 for that month; and (3) the amount of Lawrence's retirement pay for November 2016 through December 2017 was $3,074 per month, and the amount of spousal maintenance was therefore $1,024.67 for those months. The trial court then added these amounts to calculate a total arrearage of $41,575.18. The retirement pay amount the trial court listed for December 2015 and December 2016 was the same amount listed on the December 2015 and December 2016 Retiree Account Statements, respectively, for "Gross Pay" before the "VA Waiver" was taken. The retirement pay amounts listed for the 2017 months correspond to the "Retired Pay Before Deductions" amount listed on the 2017 CRSC Pay Statements. It is unclear why the trial court did not provide spousal maintenance for January through October 2016, but perhaps it was

7

based on Lawrence's Disability Payments received instead of the retirement payment amounts listed on the monthly pay statements.

Having concluded that the Divorce Decree does not impose a requirement that Lawrence actually receive the retirement pay before the spousal maintenance amount is calculated and that the trial court based its calculations on Lawrence's retirement pay shown on the monthly pay statements, we overrule Lawrence's second issue and turn to Lawrence's first issue.

**Federal Law**

In his first issue, Lawrence primarily argues that the trial court's reliance on "amounts other than his actual U.S. Army retirement pay"—i.e., Lawrence's Disability Benefits—"as a basis for determining an arearage of spousal maintenance is contrary to and pre-empted by federal law." However, as we have already concluded, the trial court relied upon the stated amount of retirement pay that Lawrence waived, not the amount of Disability Benefits he received, to calculate the spousal maintenance arrearages. For this reason, Lawrence's primary argument fails, and instead we must inquire whether Lawrence has provided any arguments or authorities for concluding that federal law prohibits or preempts a state court from relying upon retirement payment amounts that have been waived to compute spousal maintenance arrearages.

We begin by providing a brief overview of the federal statutory framework. Chapter 71 of Title 10 of the United States Code governs the computation of retired pay for the armed forces, including Lawrence's retirement pay. *See* 10 U.S.C. §§ 1401–1415. Section 1401 of chapter 71

---

because there was no corresponding monthly pay statements in evidence for those months.

8

provides the formula for calculating "[t]he monthly retired pay of a person entitled thereto under this subtitle," with certain costs of living adjustments provided. *Id.* §§ 1401(a), 1401a. To prevent duplication of benefits, however, waiver of retirement payment amounts may be necessary to receive veterans' disability benefits under Title 38 of the United States Code or CRSC payments under section 1413a of Title 10. *See id.* § 1413a(b); 38 U.S.C. §§ 5304(a)(1), 5305. Section 5305 of Title 38, as relevant here, provides:

> [A]ny person who is receiving pay pursuant to any provision of law providing retired or retirement pay to persons in the Armed Forces . . . and who would be eligible to receive pension or compensation under the laws administered by the Secretary if such person were not receiving such retired or retirement pay, shall be entitled to receive such pension or compensation upon the filing by such person with the department by which such retired or retirement pay is paid of a waiver of so much of such person's retired or retirement pay as is equal in amount to such pension or compensation.

38 U.S.C. § 5305. Finally, the Uniformed Services Former Spouses' Protection Act (USFSPA), *see* 10 U.S.C. § 1408, concerns court orders providing for child support, alimony, and division of property, *id.* § 1408(a)(2), and "creates a payments mechanism under which the Federal Government will make direct payments to a former spouse[.]" *Mansell v. Mansell*, 490 U.S. 581, 585 (1989). Moreover, the USFSPA expressly permits a State to treat a military veteran's retirement pay as divisible property, 10 U.S.C. § 1408(c)(1), but exempts any amount deducted "as a result of a waiver" that the veteran must make "in order to receive" disability benefits, *id.* § 1408(a)(4)(B); *see Howell v. Howell*, 137 S. Ct. 1400, 1402 (2017).

To support his position, Lawrence cites three cases that deal with the USFSPA: *Howell*, 137 S. Ct. at 1406; *Mansell*, 490 U.S. at 584; and *Hagen*, 282 S.W.3d at 908.[7] However, Lawrence's legal citations fail to support his position: each of the three cited cases concerns a divorce decree that divided community property, not a decree that awarded spousal maintenance like the Divorce Decree here. *Howell*, 137 S. Ct. at 1402 (noting that "[i]n this case a State treated as community property and awarded to a veteran's spouse upon divorce a portion of the veteran's total retirement pay"); *Mansell*, 490 U.S. at 594–95 (holding that States cannot treat as community property and divide at divorce veteran's waived portion of his retirement); *Hagen*, 282 S.W.3d at 901 (noting that "decree awarded Doris right, title, and interest to" portion of military retirement pay). In contrast to community property, "[s]pousal maintenance . . . is not property," nor is it "a fixed division of the community property[.]"[8] *O'Carolan v. Hopper*, 71 S.W.3d 529, 533–34 (Tex. App.—Austin 2002, no pet.); *see also* 42 U.S.C. § 659(i)(3)(B)(ii) (defining "alimony" as including spousal support but excluding any payment or transfer of property awarded pursuant to divorce).

---

[7] The only other case authority that Lawrence cites in his briefing before this Court is *Foreman v. Foreman*, and he cites this case solely for the legal proposition that "[n]either the district court nor this Court has any discretion but to give effect to the decree's unambiguous terms." No. 03-13-00245-CV, 2014 WL 711249, at *5 (Tex. App.—Austin Feb. 19, 2014, no pet.) (mem. op.).

[8] The trial court made the following finding of fact: "Claire was not awarded any portion of Lawrence's military retirement as property. Lawrence also agrees that Claire was not awarded any portion of Lawrence's military retirement as property." Lawrence does not challenge this finding of fact. *See Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 439 (Tex. App.—Austin 2004, pet. denied) ("A party waives its challenges to the findings of fact and conclusions of law if it fails to raise them in its original appellate brief."). And at trial, Lawrence testified that his military retirement "was not divided as property" in the Divorce Decree and that Claire "wasn't awarded a certain percentage of [Lawrence's] military retirement to keep as her property."

10

This distinction is important because the USFSPA limits the community property available for division to "disposable retired pay" but imposes no such limitation on alimony. *Compare* 10 U.S.C. § 1408(a)(2)(B)(iii), (C) (defining applicable "court order" as order providing for division of property that specifically provides for payment of amount "from the disposable retired pay"), *and id.* § 1408(c)(1) (authorizing court to "treat disposable retired pay" as divisible property if in accordance with law of court's jurisdiction), *with id.* § 1408(a)(2)(B)(ii) (defining applicable "court order" as order providing for "payment of alimony" as defined by 42 U.S.C. § 659(i)(3), which does not include division of property pursuant to divorce); *see also Howell*, 137 S. Ct. at 1406 (noting that although USFSPA prohibits treating waived retired pay as divisible community property, family court may take account of future reductions in value to retired pay through waiver when calculating need for spousal support (citing *Rose v. Rose*, 481 U.S. 619, 630–34 & n.6 (1987); 10 U.S.C. § 1408(e)(6))). The USFSPA defines "disposable retired pay" as "the total monthly retired pay to which a member is entitled" minus certain deductions, including amounts that "are deducted from the retired pay of such member . . . as a result of a waiver of retired pay required by law in order to receive compensation under title 5 or title 38." 10 U.S.C. § 1408(a)(4)(A)(ii).[9]

The ratio decidendi of each of Lawrence's cited federal cases rests upon the USFSPA's language regarding "disposable retired pay" as applied to the division of community property, not to spousal maintenance. *See Howell*, 137 S. Ct. at 1405–06 (holding that state courts'

---

[9] By expressly exempting waived retirement amounts from *disposable* retired pay, the statute implies that "retired pay," without the adjective "disposable," includes waived retirement pay—further supporting the interpretation of the Divorce Decree as awarding spousal maintenance based on the full retirement pay amount to which Lawrence is entitled, regardless of whether Lawrence waives it or not.

11

attempt to reimburse or indemnify reduction in value of community property division award of military retirement pay due to post-divorce decree waiver of retirement pay as awarding precisely "the portion that Congress omitted from the [USFSPA]'s definition of 'disposable retired pay,' namely, the portion that federal law prohibits state courts from awarding to a divorced veteran's former spouse"); *Mansell*, 490 U.S. at 589 (concluding that under USFSPA's "plain and precise language, state courts have been granted the authority to treat disposable retired pay as community property; they have not been granted the authority to treat total retired pay as community property"). Importantly, Lawrence's primary authority *Howell* prohibits a state court's attempt to reimburse or indemnify a community property division award based on the USFSPA's definition of "disposable retired pay." 137 S. Ct. at 1405–06. But here, there was no community property division award of military retirement pay, and Lawrence has failed to provide any statutory grounds for why "disposable retired pay" applies to spousal maintenance. *Mansell* likewise applies to the actual division of military retirement pay as community property, which it is undisputed did not occur here. *See* 490 U.S. at 589.[10] In short, we disagree that Lawrence's cited authority limits or preempts the ability of a trial court to enforce a divorce decree that bases a spousal maintenance award on the amount of military retirement pay, regardless of whether the military retirement pay has been waived or not. We therefore overrule Lawrence's first issue.

---

[10] *Hagen v. Hagen* did not concern a question regarding "disposable retired pay," but whether a divorce decree dividing as community property military retirement pay therefore provided for division of received disability compensation. 282 S.W.3d 899, 908 (Tex. 2009). The *Hagen* Court concluded that disability compensation is not military retirement pay. *Id.* As we have already noted, the trial court here did not base its spousal maintenance calculation on the amount Lawrence received in Disability Benefits, but on the waived military retirement pay—thereby making *Hagen* inapposite.

**Attorney's Fees**

As his final issue, Lawrence notes that section 159.313 of the Texas Family Code provides for attorney's fees "[i]f an obligee prevails[.]" Tex. Fam. Code § 159.313(b). He argues that because his first two issues demonstrate that "there is no basis for a determination of any arrearages," there is "no basis for an award of attorney's fees or interest." But having overruled Lawrence's first two issues, we conclude Claire has prevailed and therefore there is a basis for an award of attorney's fees. We overrule Lawrence's third issue.

## CONCLUSION

We conclude that the waiver of military retirement pay to receive disability benefits does not diminish the amount of spousal maintenance when the unambiguous language of the divorce decree bases the amount of spousal maintenance on the military retirement pay amount without limiting it to the pay received. Accordingly, we affirm the trial court's final judgment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: April 12, 2019

13