**AFFIRM; and Opinion Filed July 8, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00536-CV**

## IN THE INTEREST OF M.S. AND M.D.S., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-01157**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Michael Bolton appeals a Qualified Domestic Relations Order (QDRO) withdrawing money from Bolton's employee retirement account to pay toward his child support arrearage. In four issues, Bolton contends (1) the issuance of the QDRO constitutes a taking without due process; (2) the QDRO is not an "enforcement" order; (3) the Office of the Attorney General failed to file a writ; and (4) the Office of the Attorney General is collaterally estopped from requesting the issuance of a QDRO. For the reasons stated below, we decide against Bolton on all four issues. We affirm the judgment against Bolton.

### BACKGROUND

The subject of this appeal is a QDRO to collect a child-support arrearage. The parties agree that Bolton is in arrears on his child support payments; however, they disagree as to what methods are permissible for collecting payment.

Bolton is the father of two children. In April 1993, the trial court held a hearing on the parent–child relationship. On May 11, 1993, the court signed an order requiring Bolton pay $305 per month in child support. Bolton did not comply with the required payments. On July 16, 2013, after another hearing, the trial court issued a final order confirming that Bolton owed $40,268.38 in child support arrearages.[1] The July 2013 order required Bolton to make monthly payments of $300 toward this arrearage. Included in the order was the statement "nothing herein shall prohibit the use of other collection methods authorized by law. The Court's order setting out payments on a child support judgment does not preclude or limit the use of any other means for enforcement of the judgment."

As of January 2, 2018, Bolton owed $25,980.64 in child support arrearages. On January 17, 2018, the Office of the Attorney General (OAG) filed a Motion for Qualified Domestic Relations Order on behalf of Mother. Bolton was served with citation on the motion and filed an answer. A hearing was held on April 26, 2018. At the hearing, both parties presented argument. After the hearing, the trial court issued a QDRO withdrawing $5,500 from Bolton's PepsiCo Savings plan to pay toward Bolton's child support arrears. Bolton timely filed this appeal.

**STANDARD OF REVIEW**

We ordinarily review the trial court's ruling on a post-divorce motion for enforcement or clarification of a divorce decree under an abuse-of-discretion standard. *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.); *see also Beshears v. Beshears*, 423 S.W.3d 493, 500 (Tex. App.—Dallas 2014) (a QDRO is a post-divorce enforcement order). A court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules and principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Beshears v. Beshears*, 423 S.W.3d 493, 499 (Tex. App.—Dallas 2014, no pet.). A trial court does not abuse

---

[1] The record does not contain any motion filed by Mother or the OAG in connection with this order.

its discretion when there is some evidence of a substantive and probative character to support its decision. *In re A.E.R.*, No. 05-15-00019-CV, 2016 WL 4205683, at *1 (Tex. App.—Dallas Aug. 9, 2016, pet. denied) (mem. op.). However, where the facts are undisputed, leaving only issues for review that are questions of law, we will review *de novo*. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000).

## DISCUSSION

### A. Due Process Concerns

In his first issue, Bolton argues the issuance of the QDRO constitutes a taking without due process. The Due Process Clause of the United States Constitution ensures a party is provided notice and an opportunity to be heard prior to a taking of property. *See Boddie v. Connecticut*, 401 U.S. 371, 377 (1971); U.S. CONST. AMENDS. V, XIV, § 1. The record reflects that Bolton was served with citation, filed an answer, and that he presented arguments and cross-examined witnesses at a hearing on the motion. Because of this, we conclude that standard due-process requirements were met in this case. *Id*. We overrule Bolton's first issue.

### B. Enforcement Action

In his second issue, Bolton contends that the QDRO is not an "enforcement" action, so it is not allowed by the underlying court order. He does not cite us to any authority in support of this claim. We have said previously that a QDRO is, indeed, a post-divorce enforcement order. *See Beshears*, 423 S.W.3d at 500. We therefore overrule this issue.

### C. A Writ Is Not Required

In his third issue, Bolton argues that the July 2013 order[2] lacks the required language to execute a writ on this order. He urges that, prior to requesting a QDRO, the OAG must obtain a

---

[2] In this section of his brief Bolton refers to the order as the "July 16, 2018" order. The record does not contain an order with that date. We therefore presume he is referring to the July 16, 2013 order requiring him to pay $300 per month toward his arrears.

writ of execution or a writ of garnishment from the trial court and that the lack of either writ functions as a procedural defect that deprives him of due process. He cites no authority in support of this contention. Section 157.264(a) of the Family Code allows a cumulative arrearage judgment to be "enforced by any means available for the enforcement of a judgment for debts or the collection of child support." TEX. FAM. CODE §157.264(a). We are aware of no authority, and Bolton has certainly directed us to none, requiring the OAG to apply for an additional writ to enforce the July 2013 order. We therefore overrule Bolton's third issue.

### D. Collateral Estoppel

In his fourth issue, Bolton argues that the OAG is collaterally estopped from requesting a QDRO because the case at bar was fully and fairly litigated. Specifically, he claims collateral estoppel should apply because "the issue to be estopped was both fully and fairly litigated and resulted in the July 16, 2013 order, the trial court issued a final order confirming a child support arrearage, being the amount of child support that Appellant owed and how he was required to pay it back." Collateral estoppel is relevant in circumstances where parties are attempting to re-litigate issues resolved in an earlier judgment in a subsequent proceeding. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). The parties in this case are not seeking to re-litigate any issues necessary to the underlying judgment. Rather, the parties are seeking to enforce that judgment; collateral estoppel principles, accordingly, do not apply. *See id.* We overrule Bolton's fourth issue.[3]

---

[3] Included in his section regarding collateral estoppel, Bolton contends that the children who are the subject of this suit are over the age of majority. He makes no further argument, nor does he cite us to any authority, as to what effect the children's age has on the propriety of the OAG's suit or on the QDRO at issue.

**CONCLUSION**

We affirm the trial court's Qualified Domestic Relations Order.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

180536F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF M.S. AND
M.D.S., CHILDREN

No. 05-18-00536-CV

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-18-01157.
Opinion delivered by Justice Schenck.
Justices Osborne and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 8th day of July, 2019.